**Karoly KISS, Plaintiff,**

v.

**TAMARAC UTILITIES, INC., Roland Salsberry, Jan Langnecker, Robert Foltz, and Charles Moore, Defendants.**

No. 77–6516–Civ–CA.

United States District Court, S. D. Florida.

Dec. 26, 1978.

Frank Hamilton, Hamilton & Douglas, Fort Lauderdale, Fla., for plaintiff.

Thomas R. Tatum, Buck & Tatum, Fort Lauderdale, Fla., for defendants Tamarac, Salsberry, Langnecker and Foltz.

Charles Moore, pro se.

## MEMORANDUM OPINION AND ORDER

ATKINS, Chief Judge.

Plaintiff, Karoly Kiss, brought this action against his former employer, Tamarac Utilities, Inc., and several of his former co-workers, Roland Salsberry, Jan Langnecker, Robert Foltz and Charles Moore. In Count I of the amended complaint, plaintiff seeks reinstatement, back pay and attorneys' fees for employment discrimination pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Counts III and IV seek damages under state law for defamation, interference with employment relationships and assault.[1] Jurisdiction to hear Counts III and IV is sought to be based on the doctrine of pendent jurisdiction. In the pretrial stipulation and at the pretrial conference the parties raised the issue of plaintiff's entitlement to a jury trial, and the Court requested the parties to submit memoranda of law on this issue.

As alleged in the amended complaint and stipulated by the parties in the pretrial stipulation, the jurisdictional prerequisites to suit under Title VII (i. e. the timely filing of a charge with the Equal Employment Opportunity Commission (EEOC)) have been met only with respect to Tamarac Utilities, Inc. *See United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *McArthur v. Southern Airways, Inc.,* 569 F.2d 276 (5th Cir. 1978). Thus, Tamarac Utilities, Inc. is the sole proper defendant with respect to Count I of the amended complaint, the only claim which provides a basis for the exercise of federal jurisdiction. The remaining four defendants are not subject to federal jurisdiction, except as "pendent parties."

■ A determination of whether pendent jurisdiction is properly exercised is a two-step process. First, the court must determine whether it has the power to hear the pendent claims. If the power is found to exist, whether to exercise that power is within the discretion of the trial court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "The issue [of] whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation;" the inappropriateness of exercising pendent jurisdiction may be revealed by pretrial procedures or even during the trial itself. *Id.* at 727, 86 S.Ct. at 1139.

As set forth in *Gibbs,* the power to hear state claims against a defendant already in federal court on a federal cause of action exists where the state and federal claims

derive from a "common nucleus" of fact and the relationship between the claims is such that the plaintiff would "ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. However, it was not until *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), that the Supreme Court addressed itself to the power of a federal court "to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.'" *Id.* at 14, 96 S.Ct. at 2420.

■ The joining of a party not otherwise subject to federal jurisdiction presents a more serious obstacle to the exercise of pendent jurisdiction than if the parties against whom the state-law claims are asserted are already before the court on federal claims. Before exercising jurisdiction, the court must determine not only that Art. III permits it, but must also examine the relevant statute to ascertain whether Congress has expressly or impliedly negated its existence. *Aldinger v. Howard, supra.*

■ In enacting Title VII, Congress expressed a public policy favoring cooperation and voluntary compliance as the preferred means for eliminating discrimination in the area of employment opportunities. In furtherance of this policy, an aggrieved party is required to proceed through the conciliation process of the E.E.O.C. prior to bringing a lawsuit. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The joining of parties who have not had the opportunity to participate in this process frustrates this congressional policy. *Wallace v. International Paper Co.,* 426 F.Supp. 352 (W.D.La.1977). As previously noted, Defendants, Salsberry, Langnecker, Foltz and Moore, were not

1. Count II was previously dismissed by the court.

named as respondents in the complaint filed with the E.E.O.C. and therefore their joinder in this suit runs contrary to the expressed intent of Congress.

Moreover, the relief which Congress has provided under Title VII is equitable in nature. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969). Congress has thus impliedly expressed a policy disfavoring the award of compensatory and punitive damages in employment discrimination cases. *See Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974). In contrast, the state-law claims which are sought to be raised in Counts III and IV of the amended complaint are claims based on alleged intentional torts for which plaintiff seeks to recover both compensatory and punitive damages. Apart from its effect on the power of this Court to exercise jurisdiction over the "pendent parties," this factor is one which militates against the exercise of the court's discretion to hear pendent claims, since the pendent claims "might well become the predominant claims because of the monetary damages sought." *Holmes v. Elks Club, Inc.,* 389 F.Supp. 854 (M.D.Fla.1975).

Another factor appropriate for consideration in determining "pendent party" jurisdiction, is whether the grant of jurisdiction to the federal court is exclusive. *Aldinger v. Howard, supra.* Although a claim under Title VII must be brought in federal court, "the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co., supra,* 415 U.S. at 48, 94 S.Ct. at 1019. Thus, Title VII is not the exclusive remedy for employment discrimination. Florida has enacted a statute making such discrimination unlawful. Fla.Stat. § 13.261 (1977).

In deciding whether to exercise pendent jurisdiction, an important factor is the predominance of state issues. As noted above, the state issues raised in Counts III and IV clearly predominate with respect to damages. Likewise, review of the pretrial stipulation reveals an overwhelming predominance in the number of issues raised which relate to the state-law claims. A procedural factor against the exercise of pendent jurisdiction over Counts III and IV is the unavailability of trial by jury under Title VII, whereas the Plaintiff is entitled to a jury trial on the tort claims asserted in Counts III and IV. *See Johnson v. Georgia Highway Express, Inc., supra.*

For the foregoing reasons the Court concludes that it is without power to exercise "pendent party" jurisdiction over Defendants, Salsberry, Langnecker, Foltz and Moore, and, assuming the existence of such power, that it should decline to exercise jurisdiction. Likewise, the Court declines to exercise jurisdiction over Counts III and IV with respect to Defendant, Tamarac Utilities, Inc., and leaves the claims asserted in those counts to resolution by state tribunals. It is therefore,

ORDERED AND ·ADJUDGED as follows:

1. Count I is dismissed insofar as it seeks to assert a claim against Defendants, Salsberry, Langnecker, Foltz and Moore.

2. Counts III and IV are dismissed without prejudice as to all Defendants.