Nancy Epstein HAROLDSON, Plaintiff,

v.

HOSPITALITY SYSTEMS, INC., d/b/a Fafaels, a Colorado corporation, Juliano Broimani and Felix Medina, Defendants.

Civ. A. No. 84-K-1226.

United States District Court, D. Colorado.

Nov. 5, 1984.

Richard C. LaFond, LaFond & Evangelisti, Denver, Colo., for plaintiff.

Jeffrey I. Sandman, Aurora, Colo., for defendants.

MEMORANDUM OPINION
AND ORDER

KANE, District Judge.

This action is before the court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff sues her employer, claiming unlawful discrimination on the basis of sex. In addition, plaintiff sets forth two state common law grounds based on defamation and extreme and outrageous conduct, for which compensatory and punitive damages are sought. If the state claims are heard by this court, the plaintiff's jury demand must be honored as well.

. Plaintiff asserts that the federal court has pendent jurisdiction over the state claims. Defendant has moved to dismiss plaintiff's state claims contending that the court lacks subject matter jurisdiction because of the exclusivity of the Colorado Workmen's Compensation Act, C.R.S. 8-40-101 *et seq.* Without commenting on the merits of defendant's argument, I dismiss the pendent claims for lack of subject matter jurisdiction.

When deciding whether to exercise pendent claim jurisdiction, I must first determine if I have the constitutional power to exercise such jurisdiction. That power exists when there is a substantial federal claim and when both the federal and state claim arise from a common nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). If the exercise of jurisdiction is proper under the *Gibbs* test, I must then examine the statute on which the federal jurisdiction is predicated. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). If Congress has expressly or impliedly negated the exercise of pendent jur-

isdiction, the federal court is without power to decide these pendent claims. *Aldinger,* 427 U.S. at 17, 96 S.Ct. at 2421.

■ Because the sex discrimination claim is a substantial federal claim and the same operative facts give rise to both state and federal claims, the exercise of pendent jurisdiction is not barred under the *Gibbs* constitutional test. It is the application of the statutory test of *Aldinger* and *Owen, supra,* that prevents the exercise of pendent jurisdiction in this action.

Title VII has no express provisions limiting federal court jurisdiction. But an examination of Title VII reveals that the joinder of state claims is incompatible with the legislative intent underlying the statute. It suggests that federal courts should be precluded from exercising jurisdiction over pendent state claims asserted against a Title VII defendant. *See, accord, Jong-Yul Lim v. International Institute of Metropolitan Detroit, Inc.,* 510 F.Supp. 722 (E.D.Mich.1981); *Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951 (S.D.Fla.1978).

The legislative intent to negate pendent jurisdiction is manifested in the statute's procedural characteristics and limited remedial provisions. Under Title VII, a claimant is limited to equitable relief. *See Pearson v. Western Electric Co.,* 542 F.2d 1150, 1151–52 (10th Cir.1976). This statutory exclusion of legal remedies is probative of an intent to limit the power of federal courts to hear pendent state claims that might provide broader relief. *Jong-Yul Lim, supra,* at 725. In other contexts, federal courts have found that when Congress limited the remedial power of the federal courts under federal law, the courts should not hear pendent state claims that might result in recovery broader than possible under the federal law. *See, e.g., Wesley v. John Mullins & Sons, Inc.,* 444 F.Supp. 117, 120 (E.D.N.Y.1978) (pendent jurisdiction cannot be used to circumvent specific congressional intent to limit liability under the Truth-in-Lending Act); *Hannon v. Continental Nat'l Bank,* 427 F.Supp. 215, 218 (D.Colo.1977) (adjudication of state claims would circumvent the scope of remedies available under the Age Discrimination in Employment Act).

The procedural differences between a Title VII action and state causes of action also indicate intent to negate the exercise of pendent jurisdiction. Specifically, Title VII cases are to be expedited and tried to a judge. 42 U.S.C. § 2000e–5(f)(4)–(5). The joinder of state claims which expand the issues involved frustrates the express congressional intent of having employment discrimination claims under Title VII resolved in the most expeditious manner possible. *See Frye v. Pioneer Logging Machinery,* 555 F.Supp. 730, 734 (D.S.C.1983).

Because the entertainment of the defamation and extreme and outrageous conduct causes of action would conflict with the federal policy underlying Title VII, I lack the power to hear these state claims. Accordingly, the state common law claims are dismissed without prejudice to plaintiff's right to assert them in a state forum.

The defendants shall answer the complaint within twenty (20) days of the date of this order.