**Ruth REDENBAUGH, Plaintiff,**

v.

**VALERO ENERGY CORPORATION, Defendant.**

**Civ. A. No. SA–83–CA–2088.**

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 21, 1985.

Norman B. Smith, Greensboro, N.C., L. Bruce Fryburger, San Antonio, Tex., for plaintiff.

Shelton E. Padgett, Manitzas, Harris & Padgett, Inc., San Antonio, Tex., for defendant.

## ORDER

PRADO, District Judge.

The matter before the Court is Plaintiff's Motion for Reconsideration of the Court's Order of November 7, 1984, granting Defendant's Motion for Dismissal or Summary Judgment of Plaintiff's State Tort Claim. Although still reluctant to exercise pendent jurisdiction over a state tort claim upon which Texas courts have not spoken, this Court will decline pendent jurisdiction for an additional reason—lack of subject matter jurisdiction.

Several district court opinions have expressed concern over the incompatibility of purely equitable federal remedies with state legal claims and remedies. One such opinion by the Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, offers a concise analysis for determining whether to exercise pendent jurisdiction in Title VII cases. The case of *Haroldson v. Hospitality Systems, Inc.*, 596 F.Supp. 1460 (D.Colo.1984), presents issues very similar to the case at hand. Both *Haroldson* and the instant case are before federal courts under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* In addition, both plaintiffs allege state tort claims for which they seek compensatory and punitive damages and jury trials.

In determining whether to exercise pendent jurisdiction over related state claims, a two-step analysis must be utilized. First, a constitutional inquiry requires the existence of a substantial federal claim. If such is present, then both the federal and state claim must arise from a common nucleus of operative facts before a constitutional exercise of jurisdiction over the state claims is available to the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Where the exercise of jurisdiction is proper under the *Gibbs* test, the Court must proceed to the second level of analysis and determine whether the statute upon which the federal claim is based negates the exercise of pendent jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *See generally* Comment, *Aldinger v. Howard* and Pendent Jurisdiction, 77 COL.L.REV. 127 (1977).

In *Haroldson*, Judge Kane concluded that while a Title VII claim meets the *Gibbs* constitutional test, the exercise of pendent jurisdiction over related state claims fails the statutory test of *Aldinger* and *Owen*. *Haroldson v. Hospitality Systems*, 596 F.Supp. 1460, 1461 (D.Colo.1984). The legislative intent to impliedly limit federal jurisdiction over state claims is evidenced by the limited equitable relief created for Title VII claims. *Id; see also Jong-Yul Lim v. International Institute of Metropolitan Detroit, Inc.*, 510 F.Supp. 722, 725 (E.D.Mich.1981); *cf. Hannon v. Continental National Bank*, 427 F.Supp. 215, 218 (D.Colo.1977) (adjudication of state claims circumvents scope of available remedies under Age Discrimination in Employment Act).

Judge Kane also found that a serious conflict with the federal policy underlying Title VII was forced upon the court when

**140**

pendant state claims necessitated procedural complications at trial. *See Haroldson, supra* at 1461. *Compare id.* (procedural differences negate subject matter jurisdiction over pendant claims) *with Brown v. Blue Cross,* 33 FEP 316, 317 (E.D.Mich. 1982) (pendent jurisdiction exists but not exercised due to procedural complexities if state claims heard). The addition of state claims with their corresponding proofs of damages expands the issues and frustrates the express intent of Congress to expedite Title VII claims. *Id; accord Hughes v. Marsh Instrument Company,* 28 FEP 702 (N.D.Ill.1981). This intent is further frustrated when a jury demand is filed.

This Court agrees with the foregoing analysis of Judge Kane and, therefore, DENIES plaintiff's motion to reconsider its previous order of dismissal of plaintiff's state claim.