**344**

LABORERS HEALTH & WELFARE TRUST FUND OF SOUTH FLORIDA; Jackie Dixson, Albert Huston, James Woodall, Ernest Balcom, James Erskine, Constantinos Xaros and Gerrye Pugh, as Trustees of the Laborers Health & Welfare Trust Fund of South Florida; Southeast Florida Laborers District Council Dental, Vision & Preventative Care Trust Fund; Jackie Dixson, Constantinos Xaros, Ernest Balcom, and James Woodall as Trustees of the Southeast Florida Laborers District Council Dental, Vision & Preventative Care Trust Fund; Laborers National Pension Fund; Ann Sizemore as fund administrator of the Laborers National Pension Fund; Southeast Florida Laborers District Council and Laborers Local Unions Nos. 478 and 938, Plaintiffs,

v.

KMM CONSTRUCTION CO., INC., a Florida corporation and Edward J. DeBartolo, Defendants.

No. 86–6521–Civ.

United States District Court, S.D. Florida.

Jan. 9, 1987.

Allan M. Elster, North Miami Beach, Fla., for plaintiffs.

Stephen P. Walroth, Miami, Fla., for defendants.

FINAL ORDER OF DISMISSAL AS TO DEFENDANT EDWARD J. DeBARTOLO, INC.

ARONOVITZ, District Judge.

THIS MATTER is pending before the Court upon Defendant Edward J. DeBartolo, Inc.'s (nee Edward J. DeBartolo) Motion to Dismiss the Complaint herein. This is an action by the Plaintiffs as Trustees of an Employee Benefit Plan seeking contributions to the Trust Funds of which Plaintiffs are Trustees, from KMM Construction Co., Inc., a sub-contractor, and Edward J. DeBartolo, Inc. (nee Edward J. DeBartolo), a general contractor, in behalf of laborers—employees of the sub-contractor. By separate Order under even date herewith, this Court has entered an Order Granting Motion for Entry of Final Default Judgment As To Defendant KMM Construction Co., Inc., the sub-contractor, as to whom jurisdiction existed under 29 U.S.C. Section 1002, Sub. 5, 29 U.S.C. Section 185, 29 U.S.C. Section 1132(a)(3), and 29 U.S.C. Section 1145.

Jurisdiction is asserted herein over DeBartolo, the contractor, pursuant to pendent jurisdiction claimed under *Fla.Stat.* 255.05 (The Florida Little Miller Act), and *Fla.Stat.* 713.23 (The Florida Mechanics Lien Act). The former applies to public construction projects and the latter applies to private construction and/or contracts. In this action, there was a private contract for private construction in shopping malls in Palm Beach County and Broward County, Florida. There was no public contract involved. No payment bonds were posted on the projects involved in this litigation.

The contractor's Motion to Dismiss is based upon two principal grounds, namely:

A. Failure to state a claim upon which relief can be granted; and,

B. Lack of subject matter jurisdiction over the contractor.

The only claim made against the contractor is under state law. Therefore, the doctrine of pendent jurisdiction is inapplicable to assert federal subject matter jurisdiction over the contractor without an otherwise present independent basis or claim for asserting federal jurisdiction against DeBartolo. *See Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 2415, 49 L.Ed. 276 (1976), wherein a similar question was described by now Chief Justice Rehnquist:

This case presents the "subtle and complex question with far-reaching implications," alluded to but not answered in *Moor v. County of Alameda,* 411 U.S. 693, 715, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973), and *Philbrook v. Glodgett,* 421 U.S. 707, 720, 95 S.Ct. 1893, 1901, 44 L.Ed.2d 525 (1975): whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists. [emphasis supplied]

96 S.Ct. at page 2415 *id.*

The Supreme Court further alluded to the question at issue herein at page 2418 *id.:*

These cases, from *Osborn* [22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824)] to *Gibbs,* [383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)], show that in treating litigation where nonfederal questions or claims were bound up with the federal claim upon which the parties were already in federal court, this Court has found nothing in Art. III's grant of judicial power which prevented adjudication of the nonfederal portions of the parties' dispute. *None of them, however, adverted to the separate question, involved in the instant case, of whether a nonfederal claim could in turn be the basis for joining a party over whom no independent federal jurisdiction exists, simply because that claim could be derived from the "common nucleus of operative fact" giving rise to the dispute between the parties to the federal claim.* [emphasis provided]

The Supreme Court then answered that question as follows:

... But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact."

at page 2420 *id.*

As former Chief U.S. District Judge, Southern District of Florida, C. Clyde Atkins pointed out in *Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951, 953 (1978):

A determination of whether pendent jurisdiction is properly exercised is a two-step process. First, the court must determine whether it has the power to hear the pendent claims. If the power is found to exist, whether to exercise that power is within the discretion of the trial court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Here this Court finds no authority under Article III of the U.S. Constitution nor any Act of Congress which invests this Court of limited jurisdiction with authority or power to proceed to adjudicate this matter. There is no basis for federal jurisdiction shown to exist in this Court and purely and simply it cannot be conjured up on the basis of purely pendent state court actions.

Inasmuch as this Court has now determined that it lacks subject matter jurisdiction over the contractor, there is no need or requirement to reach the issue as to whether or not Plaintiff does state a claim for relief, at least in state court if not in federal court. Accordingly, having carefully reviewed the Complaint, the Motion to Dismiss, all memoranda of law submitted thereon, the entire Court file herein as well

as having heard extensive oral argument by counsel and likewise having received and reviewed post-argument submissions, it is thereupon

ORDERED and ADJUDGED that defendant Edward J. DeBartolo's Motion to Dismiss the Complaint for lack of subject matter jurisdiction as to the contractor—defendant Edward J. DeBartolo, Inc. (nee Edward J. DeBartolo) be and the same is hereby GRANTED WITH PREJUDICE as to any further proceedings in federal court, but WITHOUT PREJUDICE to proceed as otherwise authorized by law in state court under state law or actions. Defendant Edward J. DeBartolo's Motion to Apply Rule 11 Sanctions to the Plaintiff is hereby DENIED inasmuch as a viable issue of law has been presented by the Plaintiff as to that Defendant, even though adversely ruled upon herein. Edward J. DeBartolo, Inc.'s Motion for Attorney's Fees is DENIED inasmuch as it is sought pursuant to *Fla.Stat.* Section 713.29 in an action to enforce a lien under The Florida Mechanics Lien Act. This Court has held a lack of subject matter jurisdiction as to same and will not therefore apply even attorney's fees under the Florida Statute.