Mary Kathleen RUSSELL

v.

Ernie MOORE, et al.

No. 3–85–1407.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 6, 1989.

Kenneth R. Jones, Jr. of O'Hare, Sherrard & Roe, Nashville, Tenn., for plaintiff.

James D. Luther of Metropolitan Legal Dept., and Cecil D. Branstetter, of Branstetter, Kilgore, Stranch & Jennings, Nashville, Tenn., for defendants.

MEMORANDUM

JOHN T. NIXON, District Judge.

## I. INTRODUCTION

This is an action brought by a former employee of the Davidson County Criminal Court Clerk's Office pursuant to 42 U.S.C. § 1983 (1976 & Supp.1980), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (1976 & Supp.1981) [hereinafter Title VII] and the common law of Tennessee seeking damages for unlawful sexual harassment in connection with the plaintiff's employment. The defen-

dants Ernie Moore and Joe Torrence have moved for summary judgment upon plaintiff's claims of monetary damage based on deposition testimony of the plaintiff allegedly revealing she voluntarily resigned her position of employment on December 18, 1984. Alternatively, the defendants request the Court to dismiss or enter partial summary judgment against certain portions of the plaintiff's Second Amended Complaint on the basis of failure to state a claim and/or lack of subject matter jurisdiction and/or statute of limitations.

The defendants' motion applies to the Second Amended Complaint filed with the Court on or about July 3, 1986, but which related back to the date this civil action was commenced on December 19, 1985. The Complaint names as defendants Ernie Moore and Joe Torrence, both individually and in their official capacities, as well as the Metropolitan Government of Nashville, Davidson County. The instant motion does not apply to the Metropolitan Government of Nashville, Davidson County, Tennessee, and the motion for relief is made only on behalf of defendants Ernie Moore and Joe Torrence.

The plaintiff variously alleges in the Complaint that defendant Moore subjected her to sexual advances and acts of sexual harassment, and that defendant Torrence failed to take any action to halt Moore's alleged conduct. All of the factual allegations in the plaintiff's Second Amended Complaint relate specifically to acts which encompass claims of sexual harassment. Paragraph 4.17 of the Second Amended Complaint generally summarizes those facts as follows:

> As a result of the above-described acts of sexual harassment and the adverse actions taken against Ms. Russell as a result of her refusal to comply with Mr. Moore's sexual demands, Ms. Russell has sustained severe economic, physical and emotional damages, including, but not limited to, the loss of her regular employment and the monetary compensation and other benefits provided by that employment, and the occurrence of anxiety and emotional distress resulting in physical illness and extreme pain and suffering.

Plaintiff's Complaint at ¶ 4.17

Based upon the factual allegations, the plaintiff asserts four separate causes of action in Counts I through IV. First, in Count I, a violation of federal civil rights pursuant to 42 U.S.C. § 1983. Second, in Count II, a state cause of action: the intentional infliction of mental distress. Third, in Count III, another state cause of action: assault and battery. Fourth, in Count IV, a violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or Title VII.

## II. STANDARDS FOR SUMMARY JUDGMENT

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the District Court's function in ruling upon a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.
>
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . .
>
> More important for present purposes, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party. *Id.,* 106 S.Ct. at 2510. (citations omitted).

■ It is likewise true that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. [citations omitted]. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute.'" *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962). As the Court of Appeals stated recently:

> Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 515, 62 L.Ed.2d 416 (1979).

*Duchon v. Cajon Co.,* 791 F.2d 43, 46 (6th Cir.1986). Under these holdings, three questions are to be considered upon a motion for summary judgment: (1) does the plaintiff present sufficient facts to establish all the elements of his claim; (2) are those facts sufficient to support a jury verdict or judgment; and (3) are there any material factual issues with respect to those facts.

## III. DEFENDANTS' SUMMARY JUDGMENT MOTION TO DISMISS CLAIMS FOR MONETARY DAMAGES

■ The defendants have brought a summary judgment motion to dismiss claims for monetary damages. The defendants argue that plaintiff voluntarily resigned her position, making recovery for monetary damages for lost wages inappropriate. The defendants base their position on plaintiff's deposition. Having reviewed the briefs from both parties, and pertinent deposition excerpts, the Court holds that material and genuine issues of fact exist, compelling this Court to DENY defendants' summary judgment motion. Thus, plaintiff can continue to pursue monetary damages.

In this case there is a genuine and material issue of fact whether plaintiff was "constructively discharged" or voluntarily resigned. Under the doctrine of "constructive discharge" an employment discrimination plaintiff may recover monetary damages even with a voluntary resignation if it is established that difficult or unpleasant working conditions effectively forced such resignation. *Jacobs v. Martin Sweets Co.,* 550 F.2d 364 (6th Cir.1977), *Caslin v. General Elec. Co.,* 696 F.2d 45 (6th Cir.1982). When construing the evidence in a light most favorable to the plaintiff, the Court cannot grant summary judgment.

## IV. DEFENDANTS' MOTION TO DISMISS § 1983 CLAIM

■ The defendants move to dismiss plaintiffs' § 1983 claim on the grounds that a § 1983 claim cannot be brought with a Title VII claim on the same set of facts. The defendants quote *Day v. Wayne Cty. Bd. of Auditors,* 749 F.2d 1199 (6th Cir. 1984) for the proposition that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII.... § 1983 creates no substantive rights; it only provides a remedy." *Id.* at 1204.

The Court finds the *Day* decision controlling, but finds defendants' reliance on *Day* lacks merit. Here, the plaintiff has based her § 1983 claim in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and not Title VII. *Day* forbids § 1983 actions based in Title VII, but permits such actions based in other federal statutes or the Constitution. The *Day* Court stated:

> This court has previously held that an employee may sue her public employer

under both Title VII and § 1983 when the § 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution. *Grano v. Department of Development, City of Columbus,* 637 F.2d 1073 (6th Cir.1980). That decision is not affected by the present one. When an employee establishes employer conduct which violates both Title VII and rights derived from another source—the Constitution or a federal statute—which existed at the time of the enactment of Title VII, the claim based on the other source is independent of the Title VII claim, and the plaintiff may seek the remedies provided by § 1983 in addition to those created by Title VII. Here the district court found that the defendants did not discriminate against the plaintiff. The only wrongful act was their retaliation for the plaintiff's actions, a violation of Title VII. We conclude that Congress did not intend this violation to be the basis of a § 1983 claim.

*Id.* at 1205.

Thus, the Sixth Circuit instructs us that in a Title VII context "the rights of state government employees to sue under § 1983 for violations of their Constitutional rights were left intact." *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 301 (7th Cir.1985) (explaining the *Day* decision). The Court holds that the Fourteenth Amendment and Title VII have granted public sector employees independent rights to be free of employment discrimination. The plaintiff "may sue her state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation of Title VII." *Id.* at 302. For the foregoing reasons, the Court DENIES defendants' motion to dismiss plaintiffs' § 1983 claim.

## V. DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS

■ Counts II and III of the plaintiff's complaint respectively allege emotional distress and assault and battery, state law claims over which the plaintiff has asked the Court to exercise pendent jurisdiction. In determining whether to exercise pendent jurisdiction, two determinations must be made. First, does Constitutional power exist for such jurisdiction, and secondly, has Congress expressly or impliedly negated the federal court's power to decide the pendent claims. *See Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976), *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In this case, constitutional power for exercising pendent jurisdiction is not disputed. The determinative inquiry, however, is whether Congress, in passing Title VII, intended to negate pendent jurisdiction in this context.

Federal courts have refrained from exercising jurisdiction over pendent state claims seeking damages from a Title VII defendant because the statute provides only for equitable remedies. *Haroldson v. Hospitality Systems, Inc.,* 596 F.Supp. 1460 (D.Colo.1984). In *Haroldson,* the plaintiff brought a Title VII action in equity as required by the statute and state claims in which "plaintiff's jury demand must be honored." *Id.*

The *Haroldson* Court explained that:

Title VII has no express provisions limiting federal court jurisdiction. But an examination of Title VII reveals that the joinder of state claims is incompatible with the legislative intent underlying the statute. It suggests that federal courts should be precluded from exercising jurisdiction over pendent state claims asserted against a Title VII defendant.

The legislative intent to negate pendent jurisdiction is manifested in the statute's procedural characteristics and limited remedial provisions. Under Title VII, a claimant is limited to equitable relief. This statutory exclusion of legal remedies is probative of an intent to limit the power of federal courts to hear pendent state claims that might provide broader relief. . . .

The procedural differences between a Title VII action and state causes of action also indicate intent to negate the exercise of pendent jurisdiction. Specifi-

cally, Title VII cases are to be expedited and tried to a judge. The joinder of state claims which expand the issues involved frustrates the express congressional intent of having employment discrimination claims under Title VII resolved in the most expeditious manner possible. (citations omitted).

*Id.* at 1461 (citations omitted).

The reasoning of *Haroldson* does not extend to this case because here the § 1983 action already requires a jury trial. *Haroldson* gleens a Congressional intent for federal courts to refrain from exercising pendent jurisdiction for state law claims for Title VII cases if those claims by their remedial nature require a jury trial, thus undermining the Congressional intent of resolving Title VII cases in the most expeditious manner possible. As noted above, plaintiff may bring a § 1983 action grounded in the Fourteenth Amendment along with a Title VII action. *Supra* p. 885–886.

Since the addition of the state common law claims does not require the court to hear proof on remedies not allowed by the federal claims or conduct a jury trial not authorized for the federal claims, the Court holds that so long as a jury trial proceeds for the § 1983 action, plaintiffs' state law claims shall not hinder the expeditious resolution of plaintiffs' equitable Title VII action. Moreover, if the Court did not assert its jurisdiction, then the plaintiff will be forced to pursue these claims in a state court action involving proof of the same facts that will be at issue in the trial of this case. For the foregoing reasons, the Court DENIES defendants' motion to dismiss plaintiff's pendent state claims.

## VI. DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE § 1983 AND STATE LAW CLAIMS DUE TO THE STATUTE OF LIMITATIONS

The defendants request that they be granted a partial judgment on the § 1983 claim on the grounds that the statute of limitations has run as to all allegations except those which would have occurred on or after December 18, 1984. The defen-

dants also request a partial summary judgment on the state law claims on the grounds that the one-year statute of limitations bars all allegations of assault and battery or the infliction of emotional distress which occurred prior to December 18, 1984.

Pursuant to this Court's Order of April 8, 1986, and the continuing violation doctrine under *Emerson v. Machamer,* 221 Tenn. 739, 431 S.W.2d 283, 286 (1968), this Court DENIES defendants' motion regarding the statute of limitations.

## VII. DEFENDANTS MOORE AND TORRENCE'S MOTION TO DISMISS TITLE VII CLAIM FOR FAILING TO BE NAMED IN PLAINTIFF'S EEOC CHARGE

■ Defendant Moore and defendant Torrence allege that plaintiff failed to name them in her charge filed with the Equal Employment Opportunity Commission [hereinafter EEOC]. The defendants highlight the well-established law in this Court and this Circuit that if an individual is not named in an EEOC complaint, then the complaining party cannot sue that individual in a Title VII action. *See Hargrove v. Stablien,* 34 FEP cases 1312 (M.D.Tenn. 1984). The plaintiff alleges that in May of 1985, she amended her April 22, 1985 EEOC charge and specifically named defendants Moore and Torrence as respondents. The Court DENIES defendants' motion to dismiss plaintiff's Title VII action against Moore and Torrence due to the genuine and material issue of fact regarding whether plaintiff named Moore and Torrence in her EEOC charge.

### SUMMARY

The Court DENIES defendants' summary judgment motion to dismiss claims for monetary damages due to genuine and material issues of fact regarding whether plaintiff voluntarily resigned or was "constructively discharged." The Court DENIES defendants' motion to dismiss plaintiff's § 1983 claim because such claims may be brought with Title VII actions if rooted in the Fourteenth Amendment.

Consequently, the Court DENIES defendants' motion to dismiss pendent state law claims since the § 1983 action already necessitates a jury trial eliminating the need to dismiss state claims for damages to bring about expeditious resolution of Title VII claims in equity. The Court DENIES defendants' motions pertaining to the statute of limitations pursuant to the continuing violation doctrine. The Court DENIES defendants' motion to dismiss plaintiff's Title VII claim because of the genuine and material factual dispute over whether plaintiff named defendants in her EEOC charge.

An Order will be entered simultaneously with this Memorandum.