Geraldine MARSHALL, et al.,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY.

No. B-89-0932-CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 8, 1991.

Thomas Walter Umphrey, Nicholas Gerard Palmarozzi, Jr., Umphrey, Swearingen, Eddins & Carver, Beaumont, Tex., for plaintiffs.

Luecretia Doyal Dillard, Southwestern Bell Telephone Co., Houston, Tex., James W. Hambright, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SCHELL, District Judge.

CAME ON TO BE CONSIDERED defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject–Matter Jurisdiction and the court, after considering the motion, the response thereto, and the pleadings of record, is of the opinion that this motion should be GRANTED.

Plaintiff, Geraldine Marshall, commenced this suit for age and sex discrimination in October of 1989, asserting federal question jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e–5(f)(3) and the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. § 626(c). Marshall additionally asserted a pendent state law claim for intentional infliction of emotional distress. On January 23, 1991, plaintiffs filed a second amended complaint containing claims by Marshall's husband for loss of consortium and mental and emotional injuries, and claims by Marshall's sons and mother for mental and emotional injuries. Defendant, in this motion, contends that this court lacks subject-matter jurisdiction over these claims by Marshall's family members.

For this court to exercise jurisdiction over a particular claim there must be an affirmative grant of jurisdiction to the court by both the Constitution and Congress. The court may, in its discretion, also exercise pendent jurisdiction over state law claims where the federal claim and the state law claim derive from "a common nucleus of operative fact" and where the relationship between the two claims is such that the plaintiff "would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In this case, this court has jurisdiction over Marshall's discrimination claims pursuant to the federal statutes under which she is seeking relief and has exercised pendent jurisdiction over her emotional distress claim. Jurisdiction over these claims is uncontested. The issue presented by defendant's motion is whether this court can exercise pendent jurisdiction over the purely state law claims of Marshall's family members.

The claims of Marshall's family members are analytically different from those of Marshall herself in that the family members' claims are based on "pendent-party" jurisdiction rather than pendent claim jurisdiction. *See Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989). Pendent-party jurisdiction involves claims by "parties not named in any claim that is independently cognizable by the federal court." *Id.* 109 S.Ct. at 2006.[1]

The Court in *Finley* distinguished between pendent-party jurisdiction and pendent claim jurisdiction, expressly refusing to extend the *Gibbs* approach to the pendent-party field. *Id.* 109 S.Ct. at 2010. Under *Finley* the exercise of pendent-party jurisdiction requires more than factual similarity, convenience, and judicial economy, it requires that the text of the jurisdictional statute at issue establish a basis for the pendent-party jurisdiction. *Id.* 109 S.Ct. at 2008.

The present situation differs only slightly from the case in *Finley*. The primary distinction is that *Finley* dealt with the jurisdictional reach of the Federal Tort Claims Act and this case deals with the jurisdictional grants of the ADEA and Title VII. The issue, therefore, is whether the ADEA and/or Title VII provide a jurisdictional basis for the claims asserted by Marshall's family members. Although the family members' claims are derived from Marshall's federal discrimination claims, it is clear that neither statute provides the necessary jurisdictional basis. Title VII, 42 U.S.C. § 2000e–5(f)(3), provides that federal jurisdiction extends "to actions brought under this title," and the ADEA, 29 U.S.C. § 626(c), supplies federal court jurisdiction "as will effectuate the purposes of th[e] Act." These statutes are not to be read broadly, and thus limit the jurisdiction of this court to those causes of action which are actual violations of the respective acts themselves. *See Finley*, 109 S.Ct. at 2007; *see also Constant v. Continental Tel. Co.*, 745 F.Supp. 1374, 1387–88 (C.D.Ill.1990) (ADEA does not provide an independent basis for jurisdiction over a pendent-party claim); *Kilgore v. Baker Protective Services, Inc.*, No. 89 C 4286 (N.D.Ill. July 10, 1990) (WESTLAW, 1990 WL 106570) (Title VII does not provide an independent basis for jurisdiction over a pendent-party claim). Accordingly, this court cannot exercise pendent-party jurisdiction over any of the state law claims brought by the members of Marshall's family.

1. This case differs slightly from *Finley* and most of the cases discussing pendent-party jurisdiction in that the parties over which pendent-party jurisdiction is sought are plaintiffs rather than defendants. This distinction, however, makes no difference in the analysis, for the policies of comity and federalism addressed in *Finley* are not linked to the status of the parties.

Even if this court could exercise pendent-party jurisdiction over the claims by Marshall's family members, the court, in its discretion, would decline to do so. The doctrine of pendent jurisdiction provides that the federal court in deciding whether to exercise jurisdiction over a state law issue should consider the degree to which state issues would predominate the plaintiff's complaint and the degree to which such an exercise would involve needless determinations of state law. *Laird v. Board of Trustees*, 721 F.2d 529, 534 (5th Cir.1983). In the present case, the claims by Marshall's family members would add a tremendous amount of additional evidence and complexity to this case. Furthermore, the claims by Marshall's sons are based on a developing theory of Texas state law. Finally, the pendent state law actions conflict with the policies and available relief under Title VII and the ADEA. *See Redenbaugh v. Valero Energy Corp.*, 603 F.Supp. 138, 140 (W.D.Tex.1985).

IT IS, therefore, ORDERED that, pursuant to Rule 12(b)(1), the claims of plaintiffs Clarence Marshall, Clifton Wayne Marshall, Michael Douglas Marshall, Jerry Lee Marshall, Darrell Dwaine Marshall, and Ida Mae Fontow are hereby DISMISSED without prejudice for lack of subject-matter jurisdiction.