**Manuel CALDERON–TRUJILLO,**
**Plaintiff,**

v.

**READY MIX CONCRETE,**
**INC., Defendant.**

**No. Civ. 83–2377CC.**

United States District Court,
D. Puerto Rico.

March 31, 1986.

See also, D.C., 585 F.Supp. 1346.

Jesús Hernández-Sánchez, Santurce, P.R., for plaintiff.

Luis A. Núñez-Salgado, Hato Rey, P.R., for defendant.

## ORDER

CEREZO, District Judge.

Plaintiff, a male key-punch operator with Ready Mix Concrete, Inc., charges his employer with the commission of an unlawful employment practice under Title VII of the Civil Rights Act of 1964, commonly known as the Equal Employment Opportunity Act, 42 U.S.C. sections 2000e, *et seq.* He alleges that on October 1, 1982 he was discharged and later replaced by a female employee because the work performed by him was, in his employer's view, "a woman's job." The parties stipulated in the pretrial order filed on January 30, 1985 that plaintiff filed charges on April 13, 1983, 194 days after the alleged discriminatory practice, before the Puerto Rico Anti-Discrimination Unit and the Equal Employment Opportunity Commission. On September 6, 1983, the Anti-Discrimination Unit of the Department of Labor and Human Resources issued a "right to sue" letter. Almost two years after the filing of the complaint, the employer filed a motion to dismiss alleging that plaintiff's action was time-barred under the Equal Employment Opportunity Act. Movant contends that the charge of discrimination was not filed before the Equal Employment Opportunity Commission within the 180 day term established by section 706(e) of the Act, 42 U.S.C. section 2000e–5(e), and that this case does not fall within the exception contemplated therein, allowing the charge to be filed within 300 days after the unlawful practice, since Puerto Rico is not a "deferral" state. This conclusion is essentially based on the Court of Appeals' opinion in *Lugo-Garcés v. Sagner International, Inc.*, 534 F.2d 987 (1st Cir.1976), expounded upon in *Hadfield v. Mitre Corp.*, 562 F.2d 84 (1st Cir.1977), decided in the context of a section 633(b) of the Age Discrimination in Employment Act situation and holding that Puerto Rico was not at the time a deferral state within the meaning of that statute. Defendant understands that the holdings of the Court in *Lugo-Garcés* and in *Hadfield* dispose of the controversy before us since the language of section 633(b) of the Age Discrimination in Employment Act is almost identical to that of section 706(c) of the Equal Employment Opportunity Act.

In *Hadfield*, 562 F.2d at 87, the Court of Appeals explained that in order to determine whether a state agency in charge of enforcing state laws prohibiting age discrimination in employment may be considered a "deferral" agency within the meaning of section 633(b) of the Age Discrimination in Employment Act, the relevant consideration is "whether the agency is statutorily authorized to seek voluntary compliance" with those laws. "Since the Commonwealth of Puerto Rico's Secretary of Labor was authorized to do no more than initiate litigation in behalf of a discriminatee and since the statutory scheme did not contemplate any efforts by him towards voluntary compliance," a conclusion that Puerto Rico was not a deferral state was justified. See *Lugo-Garcés*, 534 F.2d at 989, n. 7. This was not so in the case of the Massachusetts Commission Against Discrimination which was clearly vested with mediation powers. *Hadfield*, 562 F.2d at 87. Plaintiff contends, however, that the circumstances have changed since the *Lugo-Garcés* and *Hadfield* decisions in that the Puerto Rico Anti-Discrimination Unit of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico has been designated a deferral agency under section 706 by the Equal Employment Opportunity Commission. In support of this contention, plaintiff has filed a Worksharing Agreement entered into between the Anti-Discrimination Unit and the Equal Employment Opportunity Commission for the handling of discrimination charges filed with those agencies.

We have considered the agreement submitted by plaintiff which shows that the Secretary of Labor and Human Resources of Puerto Rico in fact encourages settlements between the parties. This is a fact that defendant does not contest. At page 4, footnote 1 of its Reply to Opposition to

Defendant's Motion to Dismiss, it acknowledges "that the Puerto Rico Anti-Discrimination Unit not only pretends to conciliate in discrimination grievances in Puerto Rico ... but additionally has consistently and for many years been issuing summons to appear at 'conciliation' hearings under a warning of contempt proceedings." It argues, however, that this is being done without any statutory authority. It avers that

> [i]f ... Puerto Rico's Act No. 100 [29 L.P.R.A. sections 146, et seq.] lacks statutory authority to seek voluntary compliance, then it is up to the Puerto Rico legislative branch, not the federal and/or local executive branches, to cure whatever defects are lacking in the statutory scheme of Act No. 100 [and that] whatever action is taken by the local and federal anti-discrimination agencies, if such actions are *ultra vires* ... cannot be binding on this Honorable Court, [since] whether Puerto Rico is or not a deferral jurisdiction with authority to grant or seek relief under Sections 706(c) and (e) of the EEOA, depends on the local statutory powers granted the local agency under Act No. 100, and not on the arbitrary determination of a federal and/or local executive agency.

Defendant bases this contention on the apparent determination by the Court of Appeals in *Lugo-Garcés*, 534 F.2d, that Law 100 does not contemplate a state authority equipped to investigate age discrimination claims and to attempt to resolve disputes through voluntary compliance. See *Eklund v. The Lubrizol Corp.*, 529 F.2d 247, 249 (6th Cir.1976) (quoted in *Lugo-Garcés*, 534 F.2d at 989). The determinative factor in the Court's opinion was, however, that Law 100 provided for alternative proceedings and did not require exhaustion of administrative remedies. The Court said:

> Puerto Rican law provides for two types of proceedings which are alternative remedies for age discrimination complaints: direct private suit in the Commonwealth courts, and complaint to the Secretary of Labor for whatever action his department may take. If filing a suit in a Commonwealth court is considered instituting "proceedings" within the meaning of section 633(b), we see no obvious policy served by requiring deferral of federal court action. There would be no effort at conciliation or voluntary compliance through the invocation of state law; no state court resolution could be expected; aging claimants would expend time and money needlessly; and state court proceedings would be filed only to be left in limbo. See 29 U.S.C. section 633(a). But if we were to say that section 633(b) is satisfied only if a claimant has sought administrative relief through the Secretary of Labor, we would be requiring something of a claimant which the Commonwealth does not require—an ironic result for a principle bottomed on federalism.

*Lugo-Garcés*, 534 F.2d at 990. The Court assumed, for purposes of its decision, that provisions of Puerto Rican Law read together constituted "a specific institutional commitment towards dealing with age discrimination complaints." *Id.* at 989.

A year later the Court, in determining whether Massachusetts was a deferral state for purposes of the Age Discrimination in Employment Act, clarified that the fact that the state authorized an independent court action and did not require exhaustion of the administrative remedy was not per se determinative. The Court stated:

> By its literal terms, therefore, section 633(b) admits of no exception where a state has authorized a private cause of action not requiring deferral to a state agency. Nor do we find the need for deferral implicitly waived where a state has established an independent cause of action ... [T]he relevant consideration in determining whether a State has "establish[ed] or authoriz[ed] a State authority to grant or seek relief" within the meaning of section 633(b) is whether the agency is statutorily authorized to seek voluntary compliance. (Footnote omitted.)

*Hadfield*, 562 F.2d at 87. The Court's statements in this case with regard to the Commonwealth of Puerto Rico's Secretary

of Labor's conciliatory powers or the lack thereof were, in our opinion, dicta which helped to explain the decision as to the Massachusetts Commission Against Discrimination.

We have considered the statute in question, namely Law 100 of June 30, 1959, 29 L.P.R.A. sections 146, *et seq.*, and find that it grants the Secretary of Labor and Human Resources broad powers to enforce this anti-discrimination-in-employment statute. See 29 L.P.R.A. section 150 (as amended) and the Statement of Motives of Law 58 of June 22, 1975. We do not interpret this statute as empowering the Secretary with nothing more than the capacity to file suit, civil or criminal, against discriminating employers. The power to settle disputes is implicit in this authority. Certainly, any government prefers voluntary compliance with its laws to the expense and time incurred in litigation and the statute does not do away with the Secretary's discretion to seek voluntary compliance before seeking recourse to judicial action. Furthermore, the fact that no regulations have been filed with the Department of State regarding discrimination in employment is of little importance where the statute itself, as well as the Organic Law of the Department of Labor and Human Resources, 3 L.P.R.A. sections 301, *et seq.*, specifically, 3 L.P.R.A. section 308, establishes sufficient procedures for the investigation and filing of charges. A regulation is not necessary to establish an already existing and obvious policy.

Defendant argues that a determination in this case that Puerto Rico is a deferral state under the provisions of section 706(c) of the Equal Employment Opportunity Act "would have the ironic result that while Puerto Rico is not deemed to be a 'deferral state' for purposes of the Age Discrimination in Employment Act, as per *Lugo-Garcés* and *Hadfield, supra*, it would be deemed a 'deferral state' for purposes of the Equal Employment Opportunity Act, while local Act. No. 100 regulates both types of discrimination on the basis of age

and sex in Puerto Rico."[1] This argument does not persuade us to rule otherwise. Subsequent to the Court of Appeals' decision in *Lugo-Garcés*, the circumstances as to the conciliatory efforts and mediation powers of the Secretary of Labor have changed. When *Lugo-Garcés* was decided a local conciliatory agency was simply not available in the Commonwealth of Puerto Rico. Since then, the Commonwealth has provided the procedures to investigate and settle claims before they reach the court. Since *Lugo-Garcés*, the Equal Employment Opportunity Commission has designated the Commonwealth of Puerto Rico Department of Labor and Human Resources as a 706 agency for all charges except (1) charges alleging violation of Title VII on the basis of national origin; (2) charges alleging a "labor union" has violated Title VII; (3) charges alleging an "employment agency" has violated Title VII; (4) charges alleging violations of Title VII by agencies or instrumentalities of the government of Puerto Rico when they are not operating as private businesses or enterprises and (5) all charges alleging violations of section 704(a) of Title VII. See 43 Fed.Reg. 39,775–39,-776 (1978); see also 29 C.F.R. section 1601.-74, n. 4 (1985) (contains a typographical error). In addition, on February 21, 1984 the Equal Employment Opportunity Commission certified the Puerto Rico Department of Labor and Human Resources as a 706 designated agency. See 49 Fed.Reg. 6,368–02, 29 C.F.R. 1601.80; see sections 1601.75–1601.79 for certification procedures. (Compare with 29 C.F.R. sections 1626.9 and 1626.10 as to age discrimination in employment charges.) The designation made by the agency in charge of implementing the federal policy embodied in the statute carries great weight.

Defendant dismisses all this as an *ultra vires* act of a federal agency based on its lack of statutory authority argument. Although conciliatory procedures are now available, defendant refuses and rejects this on a restrictive interpretation of 706(c) allegedly flowing from *Hadfield*,

---

1. Defendant's Supplementary Memorandum to    Motion to Dismiss at pages 7–8.

that if there is no *express* statutory authority providing the state agency with authority to conciliate grievances the Commonwealth cannot be designated a 706 agency—as it has been—or enter into agreements with the Equal Employment Opportunity Commission to process charges, as it did on October 1982. This interpretation is against Congressional purpose. This reading of section 706(c) is contrary to its objectives for what Congress intended was to promote conflict resolution through conciliation at the state level before having recourse to the federal forum. The Commonwealth has a law that prohibits employment practices and grants broad powers to its Secretary of Labor to enforce said law who now also has the means and resources to resolve conflicts on discrimination claims. The whole conciliatory scheme was set up in coordination with the Equal Employment Opportunity Commission. Defendant would strike this because in its narrow reading of the Puerto Rican statute he cannot find the express wording allowing the Anti-Discrimination Unit to do what it is doing—attempting to resolve discrimination claims through voluntary compliance.

■ Finally, defendant points out deficiencies in the proceedings before the Anti-Discrimination Unit which allegedly violate due process. This is not the case to raise this nor is plaintiff the party to answer this. Defendant cannot deprive a plaintiff of his Title VII action because of alleged due process deficiencies in the local agency's conciliatory proceedings.

We hold, therefore, that Puerto Rico is a "deferral" state within the meaning of sections 706(c) and (e) of the Equal Employment Opportunity Act, 42 U.S.C. sections 2003–5(c) and (e), and that the filing of a charge with the Equal Employment Opportunity Commission 194 days after the alleged discriminatory practice was timely. Defendant's Motion to Dismiss is therefore, DENIED.

SO ORDERED.