724 F.Supp. 11 (1989)
Rosalia ASTACIO-SANCHEZ, Plaintiff,
v.
FUNDACION EDUCATIVA ANA G. MENDEZ, Defendant.
No. Civ. 87-1750CC.
United States District Court, D. Puerto Rico.
November 2, 1989.
Nachman & Fernández-Seín, San Juan, P.R., for plaintiff.
Domínguez & Totti, Hato Rey, P.R., for defendant.

ORDER
CEREZO, District Judge.
This is an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., in which plaintiff, Rosalía Astacio-Sánchez, alleges that she was unlawfully discharged from her employment because of age. Pendent claims *12 under the applicable Commonwealth laws were also asserted. Defendant, Fundación Ana G. Méndez, moved for summary judgment and the matter was referred for report and recommendation. The Court has before it the report and recommendation of the U.S. Magistrate filed August 24, 1989 and defendant's objections.
The undisputed facts of this case, as stated in the parties' stipulation included in the pretrial order filed on August 19, 1988, are as follows: Plaintiff started working as an Associate Registrar of the Puerto Rico Junior College in October 1978. On September 1, 1979, she was named Director of Admissions of the Puerto Rico Junior College; and, on October 1, 1980, she was named Director of Admissions of the Metropolitan University. In a memorandum dated May 9, 1986, received by plaintiff on May 31, 1986, the Chancellor of the Metropolitan University, Dr. Juan M. González-Lamela, ordered Mrs. Astacio-Sánchez' transfer from the Office of Admissions to the Deanship of Extension and Continued Education for "the stated reasons of a pattern of continuous sickness and continuous insubordination with her immediate supervisor, the Dean of Students." The transfer was to be effective on May 12, 1986. The position to which plaintiff was transferred was that of Coordinator of Special Programs, where plaintiff would have received the same monthly salary and other fringe benefits of her previous post, but which was in fact a position of lesser rank and hierarchy.
On June 26, 1986, plaintiff wrote to Dr. González-Lamela, refuted the charges of prolonged illness and insubordination and rejected the transfer that had been ordered by him. On July 16, 1986, Mr. Arcadio Figueroa-Zambrana, who was twenty-seven years of age at that time, was named to the position of Director of Admissions of the Metropolitan University.
On February 12, 1987, plaintiff filed a charge of age discrimination before the Anti-Discrimination Unit of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico and before the Equal Employment Opportunity Commission (E.E.O.C.) against defendant, claiming that her transfer from the position of Director of Admissions and her replacement by a younger person constituted an act of discrimination because of age. Plaintiff was forty-eight years old at the time. On June 22, 1987, plaintiff was released by the State Insurance Fund. On September 2, 1987 plaintiff filed additional charges of age discrimination against defendant with the Anti-Discrimination Unit of the Commonwealth of Puerto Rico and with the E.E.O.C. allegedly for not having been reinstated to her position of Director of Admissions after she was discharged by the Fund. On December 11, 1987, plaintiff filed this complaint before the Court.
Magistrate Arenas rejects defendant's contention that the complaint must be dismissed because of plaintiff's failure to file a discrimination charge before the E.E.O.C. within 180 days after the alleged unlawful practice occurred, as required by the A.D. E.A., for claimants in "non-deferral" states. The Magistrate, in a well-reasoned opinion, concluded that Puerto Rico should be considered a "deferral" state[1] under the provisions of said statute, a classification that allows claimants to file charges before the E.E.O.C. within 300 days after the unlawful practice has occurred. 29 U.S.C.A. § 626(d)(2). He based his decision mainly on the previous opinion by this Court in Calderón Trujillo v. Ready Mix Concrete, Inc., 635 F.Supp. 95 (D.P.R.1986), which held that Puerto Rico is a "deferral" state within the meaning of sections 706(c) and (e) of the Equal Employment Opportunity Act (Title VII), 42 U.S.C.A. § 2000e-5(c) and (e). Relying on the Supreme Court decision in Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532, the Magistrate, nevertheless, determined *13 that claimants in deferral states were in fact required to file their charges with the state agency and the E.E.O.C. within 240 days after the alleged unlawful practice, under the interpretation given by the Court to Title VII provisions requiring the E.E. O.C. to defer taking any action until 60 days have passed since the charge was filed with the state agency or until state proceedings have terminated. Since plaintiff Astacio-Sánchez filed her charge before the E.E.O.C. and the state agency after the 240-day period, the Magistrate concluded that her complaint was time barred, absent equitable considerations. He then determined that an issue of fact existed concerning the equitable tolling of the limitation period which precluded granting summary judgment.
In its objection to the Report and Recommendation, defendant argues that Puerto Rico is not a "deferral" state for purposes of the A.D.E.A. Essentially, it relies on two decisions of the Court of Appeals for the First Circuit, Lugo Garcés v. Sagner International, Inc., 534 F.2d 987 (1st Cir. 1976) and Hadfield v. Mitre Corp., 562 F.2d 84 (1st Cir.1977). It claims that, insofar as Calderón Trujillo dealt only with the issue of whether Puerto Rico was a "deferral" state under the provisions of Title VII, it is inapplicable to our case. We do not agree.
In its 1976 decision in Lugo Garcés the Court of Appeals for the First Circuit did expressly hold that Puerto Rico was not a "deferral" state within the meaning of the A.D.E.A. The Court noted that the Puerto Rico Discrimination Act (also known as Law 100, 29 L.P.R.A. § 146) prohibited age discrimination, thus fulfilling the first requirement of § 633(b). But it never held, as defendant alleges, that the Commonwealth's Law 100 did not contemplate a state authority equipped to investigate age discrimination claims and to attempt to resolve disputes through voluntary compliance, the second requirement for the existence of a "deferral" state under the A.D. E.A. Rather, as explained in Calderón Trujillo, the determinative factor for the Court of Appeals' conclusion that Puerto Rico was not a "deferral" state was that Law 100 provided for alternative proceedings, among them a direct private suit in the Commonwealth's courts, and did not require exhaustion of administrative proceedings, "prior to instituting such a suit through private counsel." Lugo Garcés, supra, at 989.
A year later, in Hadfield v. Mitre, supra, the Court of Appeals clarified that the fact that the state authorized an independent court action and did not require exhaustion of administrative remedies, the test previously used in Lugo Garcés for determining that Puerto Rico was not a "deferral" state, was not determinative, and that "the relevant consideration in determining whether a State has established or authorized a State authority to grant or seek relief within the meaning of section 633(b) is whether the agency is statutorily authorized to seek voluntary compliance." Id. at 87. (Our emphasis.)
Thus, applying the Hadfield test, to determine whether Puerto Rico is a "deferral" state under the A.D.E.A., we need only resolve whether the Commonwealth's Law 100 "statutorily" authorizes the Department of Labor to seek voluntary compliance of its provisions. That is precisely what this court did in 1986 in Calderón Trujillo, supra, where we stated:
We have considered the statute in question, namely Law 100 of June 30, 1959, 29 L.P.R.A. § 146, et seq., and find that it grants the Secretary of Labor and Human Resources broad powers to enforce this anti-discrimination-in-employment statute.... We do not interpret this statute as empowering the Secretary with nothing more than the capacity to file suit, civil or criminal, against discriminating employers. The power to settle disputes is implicit in this authority. Certainly, any government prefers voluntary compliance with its laws to the expense and time incurred in litigation and the statute does not do away with the Secretary's discretion to seek voluntary compliance before seeking recourse to judicial action. Furthermore, the fact that no regulations have been filed with the Department of State regarding *14 discrimination in employment is of little importance where the statute itself, as well as the Organic Law of the Department of Labor and Human Resources, 3 L.P.R.A. § 301, et seq., specifically, 3 L.P.R.A. § 308, establishes sufficient procedures for the investigation and filing of charges. A regulation is not necessary to establish an already existing and obvious policy. Id. at 98. (Emphasis ours.)
Contrary to defendant's contention, under the Hadfield test Puerto Rico can be classified as a "deferral" state for purposes of the A.D.E.A. Law 100 satisfies both of the requirements established in section 633(b) for such consideration, being a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice.
Even though, as established in Hadfield, supra, a determination of whether Puerto Rico is a "deferral" state under § 633(b) of the A.D.E.A. "contemplates no examination beyond the State's statutes," Id., at p. 87, n. 3, a review of the Worksharing Agreements[2] entered into between the Anti-Discrimination Unit of the Commonwealth's Department of Labor and Human Resources and the Equal Employment Opportunity Commission, submitted by plaintiff, further corroborate the fact that the statutory scheme of Law 100 did contemplate efforts by the Commonwealth's Department of Labor towards voluntary compliance with its provisions, which are being executed through its Anti-Discrimination Unit. In the Worksharing Agreements, in fact, the E.E.O.C. and the Anti-Discrimination Unit recognize their "common jurisdiction and goals," and the E.E.O.C. even commits itself to withholding the processing of charges before it "pending a final statement from the agency to E.E.O.C. of the results of its actions on the charge." That among the actions contemplated are conciliation efforts is expressly established in the document, via a compromise made by the Anti-Discrimination Unit, that it "will notify E.E.O.C. when it determines it does not have resources to take a case to hearing or to pursue litigation of a case/cases failing conciliation." These agreements clearly reflect the administrative exploration of age discrimination claims prior to litigation. It is evident that the Commonwealth's Department of Labor is not only statutorily authorized by Law 100 to seek voluntary compliance of that statute, but that the power is actually being exercised. The E.E.O.C., by entering into these "Worksharing Agreements" with the local Anti-Discrimination Unit, as permitted by their regulations (see 29 C.F.R. § 1626.9-1626.10), is not "reversing by administrative fiat and subsilentio" the holding of the Court of Appeals for the First Circuit in the Lugo Garcés and Hadfield cases, as averred by defendants. It is simply recognizing the fact that under the provisions of the A.D.E.A., as interpreted in those cases, Puerto Rico is in fact a "deferral" state.
We hold, therefore, that Puerto Rico is a "deferral" state, within the meaning of § 14(b) of the Age Discrimination in Employment Act, 29 U.S.C.A. § 633(b). In so holding, we note that according to § 7(d)(2) of the A.D.E.A., 29 U.S.C.A. § 626(d)(2), claimants in Puerto Rico must file their charges alleging unlawful discrimination within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier. Although the Magistrate concluded in his report that the 300 day time period was reduced to 240 days under the Supreme Court's opinion in Mohasco Corp. v. Silver, supra, his interpretation of that case is erroneous. Mohasco Corp. was a Title VII case in which the Court construed two sections of the statute that contained apparent contradictory time periods for filing charges before the E.E. O.C. While section 706(c) (42 U.S.C.A. *15 § 2000e-5(c)) of the Act stated that in a "deferral" state a charge could not be filed before the E.E.O.C. until the expiration of 60 days after proceedings have commenced under the state law or until the state proceedings have terminated, section 706(e) (42 U.S.C.A. § 2000e-5(e)) established a general time period of 300 days after the alleged unlawful employment practice for charges to be filed before the E.E.O.C. The Court interpreted the two provisions to hold that a charge filed with the E.E.O.C. may not be considered filed for purposes of the 300 day time limit until the state agency terminates its proceedings or until 60 days elapse after administrative proceedings have commenced under state law, whichever occurs first. Thus, complainants under Title VII must file their charges with the state agency within 240 days to ensure a timely filing with the E.E.O.C.
The controversy in Mohasco Corp. had its origin then on the requirement existing under Title VII for claimants to file charges with a state agency before filing with the E.E.O.C. Under the A.D.E.A., however, the situation is different, as grievants are permitted to file their charges with the state agency and the E.E. O.C. simultaneously. See 29 U.S.C.A. §§ 626(d) and 633(b). The Supreme Court has recognized this important difference between both statutes, stating that:
The A.D.E.A. permits concurrent rather than sequential state and federal administrative jurisdiction in order to expedite the processing of age-discrimination claims. The premise for this difference is that the delay inherent in sequential jurisdiction is particularly prejudicial to the rights of older citizens to whom, by definition, relatively few productive years are left. Oscar Mayer Co. v. Evans, [441 U.S. 750] 99 S.Ct. 2066, 2072 [60 L.Ed.2d 609] (1979).
Therefore, the construction given by the Court in Mohasco Corp. to the provisions of Title VII is not applicable to the similar sections of the A.D.E.A. here at issue, since the latter does not require the E.E. O.C. to defer taking action until a certain time period elapses after state proceedings have commenced or terminated. Nor is the 300-day period established for filing charges before the E.E.O.C. limited or qualified in any way. Hence, under the A.D.E.A., this is the only time period claimants need to fulfill to ensure a timely filing with the E.E.O.C., as established in section 7(d)(2) (29 U.S.C.A. § 626(d)(2)) of the Act. The Magistrate erred in ruling to the contrary.
This 300-day period begins to run on the date upon which the challenged employment practice is made and communicated to the employee, Chardón v. Fernández, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), which in the case at bar was May 31, 1986, the date plaintiff was notified of her transfer. Because charges were filed before the E.E.O.C. and the Anti-Discrimination Unit of the Commonwealth's Labor Department on February 12, 1987, only 257 days had elapsed after the alleged unlawful employment practice occurred when the statute of limitations was tolled. Therefore, the present action is not time barred, as claimed by defendants.[3]
For the reasons stated, the Motion for Summary Judgment (docket entry 12) filed by defendant is hereby DENIED.
SO ORDERED.
NOTES
[1] Under the Age Discrimination in Employment Act, a state is classified as a "deferral" state if it "has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice." 29 U.S.C.A. § 633(b). The Act provides that the term "state" includes Puerto Rico. 29 U.S.C.A. § 630(i).
[2] These agreements were effective from October 1, 1985 to September 30, 1986; and from October 1, 1987 to September 30, 1988.
[3] Because there was no need to apply in this case the doctrine of equitable tolling, as the Magistrate did, we will not address the objections made by defendant to that part of the report and recommendation.