Tomas **AGOSTO MORALES,**
**et al., Plaintiffs,**

v.

**EL MUNDO CORPORATION, INC.,**
**d/b/a Worldwide Management**
**Corp., Defendant.**

**Civ. No. 89–0180(JP).**

United States District Court,
D. Puerto Rico.

March 30, 1992.

**4.** *See* 29 U.S.C. § 161(2).

Rafael Medina Zerpa, Boca Raton, Fla., Rafael Cuevas Kuinlam, Hato Rey, P.R., for plaintiffs.

María Soledad Piñeiro, Ledesma, Palou & Miranda, Hato Rey, P.R., for defendant.

### OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant's Motion to Dismiss and the plaintiff's opposition thereto. This is an action alleging age discrimination filed by a group of former employees of the now defunct *El Mundo* newspaper. The defendant asserts that the Complaint should be dismissed because the plaintiffs failed to file a timely charge with the Equal Employment Opportunity Commission (EEOC), as is required by the Age Discrimination in Employment Act, (ADEA) 29 U.S.C.A. §§ 621–634 (1985). The plaintiffs contend that their EEOC charge was timely filed, because Puerto Rico is a deferral state under ADEA. The Motion to Dismiss must be granted for the following reasons.

### I. THE FACTS

On August 30, 1987, the *El Mundo* newspaper closed down and all employees of the newspaper were terminated and given sev-erance pay. On November 8, 1987, Héctor L. González, through his corporation Worldwide Management, purchased the assets of *El Mundo*, and executed a lease agreement whereby Worldwide leased the premises of the prior *El Mundo* newspaper operation. From December 1987 through January 1988, a number of *El Mundo*'s former employees were reinstated throughout the various areas of the operation and many more new employees were hired.[1] The plaintiffs allege that the defendant's refusal to reinstate them is based upon inappropriate considerations of age which violate the Age Discrimination in Employment Act (ADEA) 29 U.S.C.A. §§ 621–634 (1985), and Puerto Rico Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. § 146 (1985) *et seq.*

### II. ADEA FILING REQUIREMENTS

Prior to filing a civil suit, ADEA requires that an administrative charge be filed with the EEOC. ADEA provides for a 300 day rather than 180 day EEOC filing deadline in cases involving a deferral state. 29 U.S.C.A. § 626(d) (1985). A deferral state is a jurisdiction which has a state agency equipped to investigate state law age discrimination claims and is statutorily authorized to resolve disputes through voluntary compliance. 29 U.S.C. § 633(b); *Astacio–Sánchez v. Fundación Educativa,* 724 F.Supp. 11, 13 (D.P.R.1989). The purpose of extending the deadline for deferral states is to encourage voluntary compliance. Given such a purpose, plaintiffs are *first* required to file a claim with their relevant state agency. *Gay v. AVCO Financial Services,* 769 F.Supp. 51, 53 (D.P.R.1991). *See also Powers v. Grinnell Corp.,* 915 F.2d 34, 37 (1st Cir.1990). A charge may not be filed with the EEOC until sixty days after original submission to the state agency, if the state has not terminated its investigation sooner. 29 U.S.C.A. § 633(b) (1985); *Gay v. AVCO Financial Services,* 769 F.Supp. 51, 53 (D.P.R.1991).

---

1. The defendant filed bankruptcy proceedings on January 18, 1991.

   On January 25, 1991, the National Labor Relations Board issued a Decision and Order affirming its Administrative Law Judge's conclusion that the defendant had violated § 8(a)(5) and § 8(a)(1) of the National Labor Relations Act, when it succeeded the El Mundo, Inc. company and disavowed its union bargaining obligation.

Even if the Court were to assume that Puerto Rico was a deferral state under ADEA, the record demonstrates that the plaintiffs have still failed to comply with all the relevant filing requirements. In the instant case, the plaintiffs filed a claim with the Puerto Rico Department of Labor and Human Resources on October 26, 1988.[2] *See* Exhibit 1 to Defendant's Motion to Dismiss. On the same exact date the plaintiffs also filed a charge with the EEOC. *See* Proposed Pretrial Order at 27. The acts of age discrimination are alleged to have occurred in January of 1988. *See* Proposed Pretrial Order at 19.

Thus the plaintiffs waited 268 days to file their charge with the EEOC. The filing would be considered untimely in a non-deferral state. Yet the plaintiffs also failed to file their initial charge with the state agency as would be required in a deferral state. Therefore the EEOC charge also fails to be considered timely in a deferral state. The plaintiffs' failure to file a timely EEOC charge and to comply with the filing requirements of a deferral state, mandate that the ADEA claim be dismissed.[3] As the Court must dismiss the plaintiffs' federal cause of action, there is no longer pendent jurisdiction to hear the state law claim and it must be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Massachusetts Universalist Convention v. Hildreth & Rogers Co.*, 183 F.2d 497, 501 (1st Cir.1950).

Wherefore, in view of the foregoing, the Motion to Dismiss is hereby GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

2. The record is not clear as to whether all the plaintiffs involved in this action, were parties to the Puerto Rico state agency complaint and EEOC administrative charge. Clearly, those plaintiffs not a party to the initial charges would be barred from filing suit in this action. As the Complaint will be dismissed in its entirety based upon another issue, the Court need not inquire further into the matter of individual plaintiffs.

3. The plaintiffs' argument for equitable tolling based upon the alleged deception of the defendant's motive, is not meritorious given the fact that ADEA places the burden upon plaintiffs to dispel pretextual rationales for discriminatory intent. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978).