**Richard L. CASLIN, Plaintiff-Appellant,**

*v.*

**GENERAL ELECTRIC COMPANY,
Defendant-Appellee.**

**No. 81–5794.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1982.

Decided Dec. 29, 1982.

**46**

George E. Riggs, Jr., Louisville, Ky., for plaintiff-appellant.

John E. Tarrant, Edwin Hopson, Wyatt, Tarrant & Combs, Edgar Zingman, Earl F. Jones, Jr., Louisville, Ky., for defendant-appellee.

Before LIVELY, Circuit Judge, and PHILLIPS and BROWN, Senior Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from judgment for the defendant in an action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1976). The plaintiff is a patent attorney who had been employed for 24 years by the defendant and was 51 years of age at the time of termination of his employment in 1977. It is undisputed that plaintiff's termination resulted from a letter of resignation which he wrote to his immediate superior and circulated among several other executives of the Louisville, Kentucky facility of General Electric. However, the plaintiff has contended throughout this action that his resignation was not voluntary; rather that he was forced to resign and thus was constructively discharged. The district court directed a verdict for the defendant at the conclusion of the plaintiff's case. In overruling the plaintiff's motion to set the directed verdict aside the district court filed a memorandum containing findings of fact and conclusions of law.

From the time of his 1959 transfer to the Louisville facility where he was one of several patent attorneys until 1974 the plaintiff was consistently rated by his supervisor as excellent to outstanding. In 1974 a new supervisor rated plaintiff at numeral 4 on a 1 to 9 ascending scale. A rating of 4 was defined as "fully satisfactory." Plaintiff was dissatisfied with this rating as well as with his grade 14 classification and his salary. In 1977 the supervisor again rated plaintiff at 4 and plaintiff protested this rating to the supervisor. This occurred on Friday. On the following Monday plaintiff addressed a letter to the supervisor vigorously protesting his rating, sharply questioning the qualifications of the supervisor and tendering his resignation. It was copies of this letter which were circulated to several high-level executives. Two days later when plaintiff met with his supervisor he was told that his resignation had been accepted. Nevertheless, at a later meeting the same day with the chief counsel at the Louisville facility it was suggested that plaintiff meet with his former supervisor who had rated him prior to 1974. This official offered plaintiff a transfer to another General Electric facility at Pittsfield, Massachusetts. Plaintiff declined this offer of transfer and attempted to withdraw his resignation. Plaintiff also declined an opportunity to defer the effective date of his resignation in order to give him time to find other employment.

The district court, after hearing the testimony of the plaintiff and of the supervisor who had given him the 4 rating and was called by the plaintiff as a hostile witness, concluded that there was no evidence from which it could be found that plaintiff was constructively discharged. As the district court noted, the rating of 4 in no way jeopardized plaintiff's job with General Electric, although it did indicate that there was little likelihood of further advance-

ment. Plaintiff related the determination that he had reached a "plateau" to age, but the district court found no evidence to support such a conclusion. The district court also noted that the plaintiff, on cross-examination, had ascribed his troubles with the supervisor to the fact that he had been active in an organization of engineers which the supervisor viewed as a union.

 On appeal the plaintiff relies principally on the decision in *Calcote v. Texas Educational Foundation, Inc.,* 578 F.2d 95 (5th Cir.1978), as supporting his claim of constructive discharge. *Calcote* was a Title VII action charging racial discrimination, and the court found that the employer had deliberately engaged in actions which caused the plaintiff's working conditions to be intolerable. There is no such evidence in the record before us to support a finding of constructive discharge. The fact that plaintiff's supervisor implemented a three-month "improvement program" when Caslin protested his 4 rating would not support a finding that the employer deliberately made plaintiff's working conditions intolerable. Further, though Caslin was retained at the level 14 classification, his salary was higher than some employees in the level 15 classification. The plaintiff also contends that he was entitled to have his case submitted to the jury under this court's decision in *Laugesen v. Anaconda Co.,* 510 F.2d 307 (6th Cir.1979). In *Laugesen* there was an actual discharge. There was evidence from which it could have been found that at least one of the factors in the decision to discharge the employee was his age, and that in fact his age made a difference in determining whether he was to be retained or discharged. On the basis of this evidence the court held that there was an issue which was properly submitted to a jury. No such evidence is found in the record presently before us. Further, there was no evidence of a general pattern of age discrimination. Such evidence would have been admissible even though this was a private action by a single employee who claimed disparate treatment. *See Laugesen, supra,* 510 F.2d at 317.

On the entire record we conclude that the district court did not err in granting the defendant's motion for a directed verdict. The plaintiff failed to make a prima facie case of constructive discharge. The fact that he was in the protected age group and resigned because of dissatisfaction with his progress and ratings of his supervisor was not sufficient to sustain his burden of proof. Though questions of motive and intent are jury questions, where there is no evidence of unlawful motive or intent, there is nothing to submit.

The judgment of the district court is affirmed.