46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Estill JOHNSON, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL, Defendant-Appellee.
 No. 93-6487.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1995.
 
 Before: LIVELY, JONES, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Estill Johnson appeals the district court's grant of summary judgment to Defendant Rockwell International ("Rockwell") on Johnson's claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-34 (1988 & Supp. V 1993). Johnson also appeals the jury verdict in favor of Rockwell on his claim that Rockwell retaliated against him for filing an age discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). The asserted basis for the latter appeal is that the trial court improperly instructed the jury. We affirm both the district court's grant of summary judgment and the jury's verdict in favor of Rockwell.
 
 I.
 
 2
 Estill Johnson was a long-term employee of Rockwell's plastic parts plant in Louisville, Kentucky. When he arrived at the plant he was placed in charge of production, but in 1985, he was given a promotion and additional responsibility for plant maintenance. Several employees, however, who worked with Johnson were critical of his relationship with his supervisees and the union at the plant.
 
 
 3
 Rockwell provided managers with written guidelines for the preparation of a job appraisal, which included a rating system for job performance. The choices for rating specific performance goals in 1986 and 1987 were outstanding, excellent, good, fair, or unacceptable. In late 1987, Johnson's supervisors gave him an overall "fair" performance rating. The final appraisal described Johnson as follows:
 
 
 4
 Estill is a strong manufacturing manager and possesses a thorough knowledge of product and processes. These strengths, however, are clearly outweighed by his inability to adapt to changes in management attitudes toward labor involvement, in problem solving and changes in business operating philosophy. Results are achieved through heavy-handed supervision as opposed to employee participation and positive motivational methods. Requires regular supervision and direction in the achievement of organizational objectives.
 
 
 5
 Subsequent to receiving his "fair" performance rating, Johnson inquired regarding what he could do to make improvements. One of Johnson's superiors, Earl Potts, who was a year older than Johnson, looked at him and said, "Estill, you are fifty years old; you're too old to change. If you could, people wouldn't let you."
 
 
 6
 On November 23, 1987, Johnson filed an age discrimination charge with the EEOC, in which he alleged that Rockwell gave him a "fair" performance appraisal because he was fifty years old.
 
 
 7
 In January 1988, Johnson again met with his superiors, and he indicated a desire to transfer to a Rockwell plant in Centralia, Illinois. Soon thereafter, a process engineer position became available at the Centralia plant, and Rockwell offered Johnson the opportunity to transfer to Centralia or to remain in Louisville under the guidance of a performance improvement plan. In mid-February 1988, Johnson told Potts that he would accept the transfer.
 
 
 8
 On March 31, 1988, Johnson filed another claim against Rockwell with the EEOC. The claim alleged that when Rockwell gave him the choice of being placed on a job improvement program in Louisville or being transferred to Illinois, Rockwell was retaliating for the earlier age discrimination charge that he filed with the EEOC.
 
 
 9
 On May 10, 1989, Johnson filed a complaint in federal court against Rockwell pursuant to the ADEA. Johnson alleged that Rockwell discriminated against him on the basis of age when it gave him a "fair" performance evaluation in 1987, and he also alleged that Rockwell retaliated against him for filing an age charge with the EEOC. Johnson requested injunctive relief, back pay, front pay, and compensatory damages of $565,000, along with punitive damages.
 
 
 10
 The district court granted summary judgment to Rockwell on Johnson's age discrimination claim. A trial was held on the retaliation issue, and the jury returned a verdict in favor of Rockwell. Johnson now appeals both the grant of summary judgment and the jury verdict in favor of Rockwell.
 
 II. Age Discrimination
 
 11
 Johnson claims that the district court erred when it granted summary judgment to Rockwell on his age discrimination claim under the ADEA. Johnson supports this claim with two pieces of evidence: the "fair" performance appraisal and the comment of Potts that Johnson was 50 years old and that he was "too old to change."
 
 
 12
 "We review a district court's grant of summary judgment de novo.... [I]n a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 498 U.S. 940 (1990)).
 
 
 13
 A plaintiff, bringing an ADEA claim, may attempt to establish his case through the use of direct or circumstantial evidence. Regardless of whether the proof in an age discrimination case is direct or circumstantial, the plaintiff must prove that because of the claimed discrimination, he suffered an adverse employment decision. See Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 514 (6th Cir.1991); LaPointe v. UAW Local 600, 8 F.3d 376, 381 (6th Cir.1993) (Batchelder, J., dissenting). The district court determined that Johnson had failed to establish a prima facie case of age discrimination, partially because he failed to demonstrate any adverse employment action. Receipt of a "fair" performance rating was not, in the court's eyes, a job action that constituted a materially adverse change in terms or conditions of employment. J.A. at 67-68 (citing Caslin v. General Elec. Co., 696 F.2d 45 (6th Cir.1982)). We agree.
 
 
 14
 Determining whether there is an adverse action involves an objective determination whether Rockwell, with the appraisal, created such difficult or unpleasant working conditions that a reasonable person in Johnson's shoes could not tolerate them. See Wilson, 932 F.2d at 515; Geisler v. Folsom, 735 F.2d 991, 996 (6th Cir.1984).
 
 
 15
 Johnson was not threatened with demotion or termination with his appraisal. Although the appraisal indicated the need for a change in managerial style, no evidence indicates that this expectation was unreasonable or that a reasonable person in Johnson's shoes could not tolerate the appraisal and adjust accordingly. Thus, we do not think Rockwell's appraisal, by itself, constitutes adverse job action.
 
 
 16
 Because Johnson has not raised a material issue of fact regarding his age discrimination claim, the district court's award of summary judgment to Rockwell is affirmed.
 
 III. Retaliation Claim
 
 17
 Johnson claims that the trial court erred in its jury instructions because it allegedly directed a verdict for Rockwell by making a distinction between retaliation and age discrimination in one instruction and not making the same distinction in a subsequent instruction. In addition, Johnson claims that the district court improperly instructed the jury regarding the elements of a prima facie case of age discrimination.
 
 
 18
 Where a party objects to jury instructions, a reviewing court will reverse "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990).
 
 
 19
 After reviewing both of Johnson's claims regarding the district court's jury instructions, we find no merit in the arguments. The court's instructions were clear and appropriate.
 
 IV.
 
 20
 Based on the foregoing, we AFFIRM the district court's grant of summary judgment to Rockwell on Johnson's age discrimination claim, and we AFFIRM the jury's verdict in favor of Rockwell on Johnson's retaliation claim.