**CORPORATE INVESTIGATIVE DIVISION, INC., et al.**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY.**

Civ. A. No. 5:94–1338.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

May 1, 1995.

Lawrence Kent McCollum, Shreveport, LA, for plaintiffs.

W. Michael Adams, Blanchard Walker O'Quin & Roberts, Shreveport, LA, for defendant.

### MEMORANDUM RULING

TRIMBLE, District Judge.

Before the court is a "Motion for Partial Summary Judgment" filed by American Telephone & Telegraph Company ("AT & T"). By this motion, AT & T seeks to limit the amount of damages recoverable by Corporate Investigative Division ("CID") to the amount set forth in the tariff filed by AT & T with the Federal Communications Commission.

### STATEMENT OF UNCONTESTED FACTS

Jill Lytle Baillio and Robert Baillio are the president and vice president, respectively, of CID. CID provides insurance investigative services for both corporate and municipal clients. On July 7, 1993, Robert Baillio contacted AT & T and requested a change in CID's 800 number service from AT & T's Starterline Service to its Signature 800 Service.

CID's 800 number was not changed with the change in service, but the local exchange number to which all incoming 800 calls were routed was changed from 318–688–2059 to 318–686–3802. This resulted in CID's 800 calls going to an unrelated private residence rather than to CID's place of business. To prevent such a mistake, it is the policy of AT & T for its service representatives to verify the local exchange number with the customer when processing service order changes. In this instance, the customer service representative omitted the verification of the local exchange number procedure. On August 31 or September 1, 1993, the Baillios were alerted by a client to the fact that 800 number calls were not getting through. They then contacted AT & T and learned that the calls had been misdirected to an incorrect local exchange number. AT & T did not change the routing of CID's 800 calls to the correct local exchange number until September 3, 1993.

### LAW AND ANALYSIS

As a common carrier of interstate telephone services, AT & T is subject to the provisions of the Communications Act of 1934, 47 U.S.C. § 151, et seq. Section 203(a) of Title 47 requires common carriers to file with the FCC tariffs which set forth the carriers' practices, charges, classifications, and regulations. These tariffs are not mere contracts, but have the force of law. *AT & T v. New York City Human Resources Admin.*, 833 F.Supp. 962, 970 (S.D.N.Y.1993); *Carter*

*v. American Tel. & Tel. Co.,* 365 F.2d 486 (5th Cir.1966); *See also Stand Buys, Ltd. v. Michigan Bell Telephone Co.,* 646 F.Supp. 36 (E.D.Mich.1986).

AT & T's tariff on file with the FCC provides in pertinent part,

> 2.3.1.A. The Company's liability, if any, for its willful misconduct is not limited by this tariff. With respect to any other claim or suit, by a Customer or by any others, for damages associated with the installation, provision, termination, maintenance, repair or restoration of WATS, and subject to the provisions B. through G. following, the Company's liability, if any, shall not exceed an amount equal to the monthly recurring charge provided for under this tariff for Custom 800 Services or, in the case of AT & T 800 Service and AT & T WATS, the monthly charges for access lines therewith. This liability shall be in addition to any amounts that may otherwise be due the Customer under this tariff as a Credit Allowance for Interruptions.

■ Defendant AT & T, by its motion for partial summary judgment, urges this court to find that there is no evidence in the record which establishes that there is a genuine issue as to whether AT & T engaged in willful misconduct. Absent willful misconduct, damages are limited by the tariff. In opposition to the motion, Plaintiffs have argued that the tariff is inapplicable to the present action, and that there are genuine issues of fact requiring a trial.

Plaintiffs' argument that the tariff is inapplicable is in error. This Court concludes that the change from one AT & T 800 service to another falls within the ambit of a "provision" of service, and accordingly, falls within the terms of the tariff.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.

56(c). A "material fact" is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Supreme Court explained the respective parties' burdens of proof thus,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[1]

■ In order for CID, the nonmoving party, to defeat this motion for summary judgment it need only offer enough evidence "from which a jury might return a verdict in (its) favor. If (it) does so, there is a genuine issue of fact that requires a trial."[2]

As set forth in the tariff, a plaintiff must be able to show "willful misconduct" by AT & T in order to recover damages in excess of "an amount equal to the monthly recurring charge ... or the monthly charges for access lines." Willful misconduct has been defined as,

> the intentional performance of an act with knowledge that the performance of that act will probably result in injury or damage, or it may be the intentional performance of an act in such a manner as to imply reckless disregard of the probable consequences, or the intentional omission of some act, with knowledge that such omission will probably result in damage or inju-

1. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

2. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

ry, or the intentional omission of some act in a manner from which could be implied reckless disregard of the probable consequences of the omission.[3]

In this instance, a finding of willful misconduct by AT & T is necessary to remove Plaintiff's action from the limitation of liability provided for in the tariff. Hence, willful misconduct is a "material fact." Willful misconduct involves either an intentional or a reckless disregard for the consequences of an act or omission, and therefore demands an evaluation of AT & T's state of mind at the time the error was made. Generally, where there is a genuine issue regarding a party's state of mind, a trial is preferable to summary judgment due to the increased ability of the finder of fact to evaluate the credibility of witnesses. *See International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir.1991). However, summary judgment is not precluded when state of mind is at issue. *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 956 fn. 3 (5th Cir.1993).

Although willful misconduct constitutes a material fact, CID has failed to come forward with sufficient evidence to establish that there exists a "genuine issue" with regard to that fact. In truth, CID has produced no evidence which even suggests that AT & T possessed an intentional or reckless disregard for the consequences of its actions. In support of its Opposition to the Motion, CID attached the affidavits of Jill and Robert Baillio. These affidavits only set forth the facts that the local exchange number was changed and that the customer service representative did not verify that number. That the local exchange number was erroneously changed is admitted by AT & T, and is not in issue. However, the mere fact that these errors occurred does not suffice to establish an inference as to AT & T's state of mind, nor does it provide an adequate basis on which a reasonable jury could return a verdict in favor of CID. *See Caslin v. General Electric Co.*, 696 F.2d 45, 47 (6th Cir.1982) ("Though questions of motivation and intent are jury questions, where there is no evidence of unlawful motive or intent, there is nothing to submit [to the jury].").

### CONCLUSION

Defendant AT & T has successfully demonstrated that the evidence in the record falls short of establishing an essential element of the plaintiffs' case. Unable to simply rest on the allegations of its pleadings,[4] Plaintiffs have failed "to set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). This Court concludes that there is no genuine issue as to any material fact, and that AT & T is entitled to partial summary judgment as a matter of law.

ACCORDINGLY,

IT SHALL BE ORDERED that AT & T's Motion for Partial Summary Judgment be GRANTED, and that Plaintiffs' claims for damages in excess of the monthly recurring charge for 800 service SHALL BE DISMISSED with prejudice, at Plaintiffs' costs.

THUS DONE AND SIGNED.

---

**3.** *Stand Buys, Ltd. v. Michigan Bell Telephone Co.*, 646 F.Supp. 36, 38 (E.D.Mich.1986), *citing Berner v. British Commonwealth Pacific Airlines, Ltd.*, 346 F.2d 532, 536–37 (2d Cir.1965).

**4.** In their Petition, Plaintiffs alleged only gross negligence on the part of AT & T. Plaintiffs' Petition, paragraphs 10–12.