Dragan STEFANOVIC, Plaintiff,

v.

The UNIVERSITY OF TENNESSEE, William Snyder, Philip A. Schuerer, James N. Gehlhar, Dr. Joseph W. Flory, Lola R. Dodge, and Camille M. Hazeur, Defendants.

No. 3:95–cv–231.

United States District Court, E.D. Tennessee.

July 8, 1996.

David R. Duggan, Maryville, TN, For Plaintiff.

Catherine S. Mizelle, Ronald C. Leadbetter, Office of General Counsel, University of Tennessee, Knoxville, TN, for Defendants.

## MEMORANDUM OPINION

JARVIS, District Judge.

On April 8, 1996, the court dismissed all of plaintiff's claims against the individual defendants with the exception of the Fourteenth Amendment and Title VII claims [*see* Docs. 21 and 22]. The court took this action, in part, because after defendants filed their original motion to dismiss [Doc. 12], the court granted plaintiff leave to amend his complaint to state a *Bivens* cause of action[1] against the individual defendants in their individual capacities [*see* Doc. 14, p. 3 (marginal entry)]. Hence, the court left resolution of plaintiff's Fourteenth Amendment and Title VII claims against the individual defendants until such time as these defendants filed a supplemental motion to dismiss [*see* Doc. 21, pp. 8, 11, 12, and 13]. They have now done so [*see* Doc. 23], seeking dismissal of this action in its entirety against them in both their official and individual capacities for the following reasons:

> (1) the court lacks subject matter jurisdiction over a *Bivens*-type action directly under the Fourteenth Amendment against state officials in their individual capacities;

> (2) the complaint fails to state a claim upon which relief can be granted because a *Bivens*-type action under the Fourteenth Amendment is barred by the applicable statute of limitations; and

> (3) the complaint fails to state a claim upon which relief can be granted because the individual defendants are not liable in their individual capacities under Title VII, so that the University of Tennessee (UT) is the only proper defendant in plaintiff's Title VII action.

The issues raised have now been fully briefed by the parties [*see* Docs. 24 and 27]. For the reasons that follow, defendants' motion will be granted in its entirety, and this case will be dismissed against all of the individual defendants in both their individual and official capacities.

1. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## I.

■ Defendants first contend that this court lacks subject matter jurisdiction over a *Bivens*-type action directly under the Fourteenth Amendment against state officials in their individual capacities. The court agrees. In *Thomas v. Shipka,* 818 F.2d 496 (6th Cir.1987), *vacated and remanded on other grounds,* 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989), the Sixth Circuit held that where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, then that statute is the exclusive remedy for the alleged constitutional violation and a direct *Bivens*-type claim under the Constitution cannot be maintained. *Id.* at 499. In so ruling, the Sixth Circuit distinguished the facts of *Shipka* from those in the *Bivens* case and two other Supreme Court cases.[2] The Sixth Circuit observed that all of the Supreme Court cases involved purported constitutional violations committed by federal officers or officials acting under federal laws who are not amenable to suit under § 1983, whereas, in *Shipka,* the plaintiff was suing a *"local* official, who is a 'person' within the meaning of § 1983." *Id.* at 499–500 (emphasis in original).

Here, just as in the *Shipka* case, plaintiff could have brought an action against the UT officials pursuant to § 1983 because they are state—not federal—officials.[3] Therefore, to the extent that plaintiff attempts to bring a *Bivens*-type cause of action against the UT officials for violations committed under state laws, then defendants' motion must be granted.

However, it must be emphasized that plaintiff is also suing these UT officials for violations committed under federal laws [*see* Doc. 20, p. 18, ¶ 43]. In support of his position that this facet of his lawsuit should not be dismissed, plaintiff relies on *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981), in which the Second Circuit held that a *Bivens* claim for a constitutional violation could be brought against state officials when those officials

acted solely under color of federal law so that an action under § 1983 was unavailable. *Id.* at 83. In the instant case, as previously noted, plaintiff alleges that the individual defendants were acting under color of both state and federal law. Thus, this case is somewhat distinguishable from *Ellis* on that basis; however, the court need not address whether plaintiff can maintain a *Bivens* cause of action against these UT officials for violations of federal law because the court finds, for the reasons that follow, that plaintiff's *Bivens*-type action is completely barred by the applicable statute of limitations.

## II.

■ In *McSurely v. Hutchison,* 823 F.2d 1002, 1005 (6th Cir.1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988), the Sixth Circuit held that *Bivens* actions should be governed by the same statute of limitations as § 1983 actions. In Tennessee, the one-year statute of limitations applicable to personal injury actions expressly includes actions "brought under the federal civil rights statutes[.]" T.C.A. § 28–3–104(a)(3) (Supp.1995). Plaintiff's *Bivens* action accrued when he knew or had reason to know of the injury on which the action is based. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984).

In ruling on defendants' first motion to dismiss with respect to plaintiff's claim under the Tennessee Human Rights Act, T.C.A. §§ 4–21–101, *et seq.,* this court held that "[p]laintiff's cause of action accrued no later that December 16, 1993, the date he filed an EEOC charge of discrimination...." [*See* Doc. 21, pp. 11–12]. Likewise, plaintiff's *Bivens* cause of action for alleged violation of his rights under the Fourteenth Amendment accrued when he was denied employment in the position he sought and another person was hired in that position—an event that took place "[s]ometime prior to December 16,

---

2. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

3. For purposes of § 1983, there is no difference between a state official or officer and a local

official or officer. Thus, for purposes of § 1983, there is no difference between the local official in the *Shipka* case and the state officials, *i.e.,* UT officials, in the instant case.

1993, [when] plaintiff became aware of the person whom UT had hired." [*See id.*, p. 3].

And, as previously noted, plaintiff did not file this action until May 1, 1995, which is at least four and a half months after expiration of the one-year limitation period. Hence, any cause of action plaintiff might have had directly under the Fourteenth Amendment is now barred by the one-year limitation period of T.C.A. § 28–3–104(a)(3) (Supp.1995).

In so holding, the court notes that plaintiff attempts to circumvent this one-year statute of limitations period by arguing that UT's hiring policies constitute a present, continuing violation of Title VII so that these claims are timely filed *See, e.g., United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). However, the continuing violation doctrine is not applicable to the facts of this case. Although plaintiff alleges that UT's discriminatory policy continues to be in effect, there is no allegation that plaintiff has been continued to be rejected because of his sex (male), his national origin (Eastern European), or his status as a military veteran. *Cf. Roberts v. North American Rockwell Corp.,* 650 F.2d 823, 827 (6th Cir. 1981) ([There was] empirical proof that [plaintiff] was, in effect, continually applying for a position at Rockwell—and being continually rejected because of her sex.). In fact, there has been no allegation that plaintiff has been discriminated against after December 16, 1993. Accordingly, the continuing violation doctrine provides this plaintiff no relief so that plaintiff's *Bivens* claims under the Fourteenth Amendment are barred by the applicable statute of limitation.

### III.

■ The third prong of defendants' motion addresses whether the individual defendants are liable in their individual capacities under Title VII. The Sixth Circuit has not yet confronted this issue. However, a number of appellate courts have squarely rejected individual liability under Title VII. *See Williams v. Banning,* 72 F.3d 552, 555 (7th Cir.1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2d Cir.1995); *Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995); *Grant v. Lone Star Co.,* 21 F.3d 649, 651–53

(5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993); and *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (per curiam). In fact, the court is not aware of any appellate court which has ruled otherwise. Moreover, both Judge Collier and Judge Edgar of this District have recently held that there is no individual liability under Title VII or the THRA. *See Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441, 448–49 (E.D.Tenn.1995) (Collier, J.); *Arnold v. Welch,* No. 1:92–cv–562, 1995 WL 785572, at *2 (E.D.Tenn. July 5, 1995). And even more recently, citing the decisions in *Frizzell* and *Arnold,* Judge Jordan of this District held that there is no individual liability under the Age Discrimination in Employment Act. *See Bennett v. Davis,* No. 3:95–cv–629, 1996 WL 607440 (E.D.Tenn. Feb. 15, 1996). In view of the overwhelming weight of authority supporting defendants' position on this issue, this court too declines to impose liability on an individual under Title VII.

■ There is also an additional and independent reason to dismiss this Title VII action against the UT officials in their individual capacities—they were not named as respondents in plaintiff's EEOC charge. The record reflects that the only respondent named in plaintiff's EEOC charge was the University of Tennessee Center for International Education [*see* Doc. 1, attachment]. Title VII indicates that "a civil action may be brought against the respondent named in the charge...." 42 U.S.C. § 2000e–5(f)(1). In other words, "if an individual is not named in an EEOC complaint, then the complaining party cannot sue that individual in a Title VII action." *Russell v. Moore,* 714 F.Supp. 883, 887 (M.D.Tenn.1989) (citing *Hargrove v. Stablien,* 34 FEP cases 1312, 1984 WL 982 (M.D.Tenn.1984)).

■ It must be emphasized that the Sixth Circuit has recognized an exception to this jurisdictional requirement when there is a "clear identity of interest" between the named and unnamed parties. *See, e.g., Knafel v. Pepsi–Cola Bottlers of Akron, Inc.,* 899

954

F.2d 1473, 1481 (6th Cir.1990). "A 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Id.* UT and UT's officials are not alter egos; their relationship is that of employer and employees or perhaps that of principal and agents. Either way, this exception has no application in this case against UT officials in their individual capacities. Therefore, assuming, *arguendo,* that the individual defendants could be held liable in their individual capacities under Title VII, plaintiff's failure to name them as respondents in his EEOC charge is a jurisdictional defect to his pending Title VII claim against them.

## IV.

Based on the reasons foregoing, defendants' supplemental motion must be granted. Thus, plaintiff's *Bivens*-type action under the Fourteenth Amendment against the individual defendants and his Title VII claims against the individual defendants, whether in their individual or official capacities, must be dismissed. Thus, the only remaining cause of action is a Title VII action, and the only remaining defendant is UT.

Order accordingly.