Edward R. SMITH, Plaintiff,

v.

SOFCO, INC., Scotia Paper Company, Sofco–Mead, Inc./Sofco, Sofco of Ohio, Inc., Lydia Vick, Sofco–Mead, Inc., Defendants.

No. 1:94CV2420.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 31, 1996.

Marc N. Silberman, Beachwood, OH, for Plaintiff.

L. Stewart Hastings, Jr., Hastings & Kerka, Cleveland, OH, Henry N. Conolly, Thuillez, Ford, Gold & Conolly, Albany, NY, for Defendants.

### MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WELLS, District Judge.

This case is before the Court on the motions to dismiss filed by all of the defendants. The Court has advised the parties that it would consider the defendants' motions as motions for summary judgment, and invited plaintiff to respond on this basis. Neither party has submitted evidence in support of or in opposition to the motions.

All defendants except Sofco of Ohio, Inc. argue that they are not proper parties to this action because they were not named in the "right to sue letter" which the Equal Employment Opportunity Commission ("EEOC") issued to plaintiff Edward R. Smith. In addition, all defendants except Sofco, Inc., assert the statute of limitations bars any claims against them. Defendants Sofco, Inc. and Sofco–Mead, Inc. claim they were not properly served with the amended complaint within 120 days, as required by Fed.R.Civ.P. 4(m). Defendant Lydia Vick further contends she cannot be held individually liable for violation of 42 U.S.C. § 2000e–5. Finally, defendants allege Sofco–Mead, Inc./Sofco is not a legal entity and therefore does not have capacity to be sued.

For the following reasons, the Court concludes that Smith has failed to meet a prerequisite to suit against defendants Sofco, Inc., Sofco–Mead, Inc., Sofco–Mead, Inc./Sofco, Scotia Paper Company, and Lydia Vick. These parties were not named in Smith's EEOC complaint, and Smith has not demonstrated that they have a clear identity of interest with the named respondent, Sofco of

Ohio, Inc. Smith's claims against defendant Sofco of Ohio, Inc. are time-barred. Therefore, the Court will dismiss all of plaintiff's claims.

## THE PLEADINGS

The complaint in this case was originally filed on November 28, 1994, naming as defendants Sofco, Inc., Scotia Paper Company, and Sofco–Mead, Inc./Sofco. The complaint alleged that on June 3, 1994, defendants discharged Smith from his employment as an operations manager because of his asthma, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* The named defendants were served with the complaint on November 30, 1994.

On May 1, 1995, Smith filed an amended complaint. In addition to the three defendants named in the original complaint, Smith also named as defendants Sofco of Ohio, Inc., Sofco–Mead, Inc. and Lydia Vick. The factual allegations of the amended complaint were essentially the same as those contained in the original complaint. However, Smith added that he was discharged by Vick, who prepared a handwritten note explaining that Smith's asthma was the reason for his discharge. Smith also alleged that Sofco–Mead, Inc. "terminated employees life insurance policy with ITT Hartford on June 3, 1993." The significance of this allegation is not clear on the face of the amended complaint.

## LAW AND ANALYSIS

A. *Defendants Not Named as Respondents in the EEOC Proceedings.*

All defendants except Sofco of Ohio, Inc. claim that they are not properly named as defendants in this action because they were not named in Smith's EEOC charge or in the right to sue letter which the EEOC issued to Smith. "The powers, remedies, and procedures set forth in" 42 U.S.C. § 2000e–5 are applicable to actions alleging employment discrimination under the ADA. 42 U.S.C. § 12117(a). Thus, this Court must look to the provisions of Title VII to determine whether Smith has properly named all of the defendants in this case.

■ "[A]n administrative charge must be filed with the EEOC before a discrimination plaintiff can bring a Title VII action in federal district court.... A corollary of this general rule is that a party must be named in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge....'" *Romain v. Kurek,* 836 F.2d 241, 245 (6th Cir.1987) (*quoting Jones v. Truck Drivers Local Union No. 299,* 748 F.2d 1083 (6th Cir.1984).

■ Two goals are served by the requirement that the plaintiff name the defendant in the EEOC charge. First, the charge provides notice to the defendant, allowing the defendant to preserve evidence relevant to the discrimination claim. Second, the defendant can participate in the EEOC conciliation process, allowing the possibility of an agreed resolution of the claim without resort to time-consuming and expensive litigation.

■ The "identity of interest" exception recognizes that laypersons may file charges with the EEOC without the assistance of counsel, and therefore may not present a charge which is procedurally exact. The exception prevents frustration of the remedial goals of Title VII (and the ADA) by permitting an action to go forward if the unnamed party has been provided with sufficient notice to meet Title VII's intent that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *Romain,* 836 F.2d at 245.

■ Four factors must be considered in determining whether there is an identity of interest among persons named and not named in the EEOC charge:

(1) [W]hether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) [W]hether, under the circumstances, the interests of a named [sic] are so similar as [sic] the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) [W]hether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

(4) [W]hether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain,* 836 F.2d at 246 (*quoting Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977)). This test "implies that the named and unnamed parties are virtual alter egos." *Knafel v. Pepsi–Cola Bottlers of Akron, Inc.,* 899 F.2d 1473, 1481 (6th Cir.1990).

In this case, although Smith has not provided the Court with a copy of his EEOC charge, he concedes that the only defendant named in the charge was Sofco of Ohio, Inc. The EEOC's right to sue letter dated August 31, 1994, names "Sofco of Ohio," as the respondent. Because Sofco of Ohio, Inc. was named in the EEOC proceedings, it is properly named as a defendant in this case. The remaining defendants are proper parties only if they have a clear identity of interest with Sofco of Ohio, Inc.

■■ Smith contends Sofco of Ohio, Inc. is a subsidiary of Sofco–Mead, Inc.[1] and therefore these parties have a clear identity of interest. However, the Sixth Circuit has held that a parent-subsidiary relationship, in itself, does not create a clear identity of interest; parent and subsidiary corporations are separate and independent entities. Therefore, the naming of a subsidiary in the EEOC charge does not suffice to name the parent company. *Knafel,* 899 F.2d at 1481. Because Sofco–Mead, Inc. was not named in the EEOC charge and does not share a clear identity of interest with Sofco of Ohio, Inc., the Court will dismiss Smith's claims against Sofco–Mead, Inc.

■ Similarly, Vick's position as an employee of Sofco of Ohio, Inc. does not make Vick and Sofco of Ohio virtual alter egos of one another. There is no evidence that the relationship among Smith and Sofco of Ohio was anything other than an employer-employee relationship. Therefore, assuming individuals can be held liable in their individual capacities under the ADA, Smith's failure to name Vick in his EEOC complaint bars his claims against her here. *See Knafel,* 899 F.2d at 1481; *Romain,* 836 F.2d 241; *Stefanovic v. University of Tenn.,* 935 F.Supp. 950, 953–54 (E.D.Tenn.1996).

Smith's counsel avers that he was unable to ascertain through discovery the relationship among Sofco of Ohio, Inc. and the remaining corporate defendants, Sofco, Inc. and Scotia Paper Company. Smith also contends the defendants have produced no evidence in discovery or in their pleadings or motions "demonstrating that these corporate entities lack an identity of interest in this matter." Smith argues the fact that these entities were served at the same location as Sofco of Ohio, Inc.[2] and are represented by the same counsel creates a question of fact whether there is a "clear identity of interest" among these parties.

The Supreme Court's decision in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), makes clear that on a motion for summary judgment, defendants have no duty to produce evidence *negating* an element of the plaintiff's claim. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. Therefore, the Court must reject Smith's assertion that defendants' motion should be denied because they have not submitted evidence to disprove any identity of interest among them. To the extent Smith may claim that he had insufficient discovery on this subject, the Court notes that plaintiff was allowed several months for discovery after defendants' motion was filed. The time

---

1. The Court assumes that Sofco–Mead, Inc. and Sofco–Mead, Inc./Sofco are the same entity, although the complaint names them separately. To the extent that these may be different entities, the analysis applied to Scotia Paper Co. and Sofco, Inc. applies equally to Sofco–Mead, Inc./Sofco.

2. Sofco, Inc. denies it was properly served at this location, and asserts the Court lacks personal jurisdiction over it for this reason.

for discovery was concluded before plaintiff submitted a substantive response to defendants' motion. Smith has had the opportunity to conduct full discovery on this subject.

Neither the location of the parties' business offices nor their choice of counsel in this litigation makes it more or less likely that the defendants have a clear identity of interest with one another. Therefore, these facts do not create a genuine issue whether Sofco, Inc., Scotia Paper Company and Sofco of Ohio, Inc. have a clear identity of interest. Accordingly, the Court will dismiss Smith's claims against them.

### B. *Statute of Limitations.*

■ Sofco of Ohio, Inc., contends that the claims against it are barred by the statute of limitations, which required that Smith file suit within ninety days after Smith received his notice of right to sue. As this Court previously noted, Sofco of Ohio, Inc. was not named in the original complaint. Smith did not request leave to amend the complaint to name Sofco of Ohio until a time well beyond the ninety day limitations period. Therefore, the amended complaint can be considered timely only if it "relates back" to the timely filing of the original complaint under Fed. R.Civ.P. 15(c).

Rule 15(c) of the Federal Rules of Civil Procedure provides:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

(B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As this Court previously noted, Smith's claim against Sofco of Ohio, Inc. "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]." The claim against it is exactly the same as the claim asserted against the original defendants. However, there is no evidence that Sofco of Ohio, Inc. received notice of the institution of this action within the 120 day period for service. Smith's request for leave to amend his complaint in January 1995 would not necessarily have provided Sofco of Ohio with notice of this action; it was not yet a party to this case, and therefore did not receive service of the motion. Lacking any other evidence on the subject, Sofco of Ohio could not have become aware of this action until it was served with the amended complaint some time after it was filed on May 1, 1995, more than 120 days after the original complaint was filed. Therefore, the amended complaint does not "relate back" under Rule 15(c).

Smith correctly points out that the 90 day period for filing a complaint under 42 U.S.C. § 2000e–5 is not jurisdictional, but is subject to waiver or equitable estoppel. However, he has presented no evidence demonstrating that Sofco of Ohio, Inc. has waived the time limit or is equitably estopped from asserting it. Therefore, plaintiff's claim against Sofco of Ohio, Inc. are time-barred.

### CONCLUSION

Smith did not name Sofco, Inc., Sofco–Mead, Inc., Sofco–Mead, Inc./Sofco, Scotia Paper Company, or Lydia Vick in his EEOC complaint, a prerequisite to suit under 42 U.S.C. § 2000e–5. Therefore, the Court will dismiss Smith's claims against these defendants, without prejudice. Smith's claims against Sofco of Ohio, Inc. are time-barred, and will be dismissed, with prejudice.

*ORDER OF DISMISSAL*

This Court, having previously entered its memorandum of opinion and order granting defendants' motions to dismiss, hereby dismisses plaintiff Edward R. Smith's claims against defendant Sofco of Ohio, Inc., with prejudice. The Court dismisses plaintiff's claims against the remaining defendants, without prejudice. Plaintiff to pay costs.